519 A.2d 500

Casimir **TOCZYLOWSKI**

v.

**GENERAL BINDERY CO. and City of Philadelphia and Joseph Kots.**

**Appeal of Joseph KOTS.**

Superior Court of Pennsylvania.

Argued Oct. 15, 1986.

Filed Dec. 29, 1986.

Claudia M. Tesoro, Assistant City Solicitor, Philadelphia, for appellant.

John F. Dougherty, Jr., Philadelphia, for General Bindery Co.

Lloyd George Parry, Philadelphia, for appellee.

Before CAVANAUGH, BROSKY, and MONTEMURO, JJ.

BROSKY, Judge:

This is an appeal taken from the entry of an order on March 10, 1986 [1] vacating judgment of non pros. Appellant contends that the trial court abused its discretion in so vacating, alleging: (1) that the ninety-seven (97) day filing delay between the entry of non pros and the petition to vacate was never reasonably explained, making the petition untimely; (2) that the failure of appellee's former counsel to appear at the Philadelphia call of the list, which resulted in the entry of non pros, was unreasonable; and (3) that the facts alleged in support of appellee's cause of action were legally insufficient to support vacation of non pros.

Upon review of the record, we are in agreement with appellant that the behavior of appellee's former counsel, with respect to (1) and (2) above, was not reasonably explained, and, as such, we now reverse the trial court and reinstate the judgment of non pros.

Appellee's original complaint was filed as a major jury [2] defamation action on January 7, 1982, naming General Bindery Co., Inc., the City of Philadelphia, and Joseph Kots (herein "appellant") as party defendants. During the pleadings stage, both the City of Philadelphia and appellant Kots

1. An amended order was entered on May 16, 1986, which was merely intended to correct a formal error with respect to the date upon which the judgment of non pros was entered. Such amendment is authorized by Pa. Rule of Appellate Procedure 1701(b)(1), and does not affect the time for the filing of an appeal. Appellant filed the instant appeal on March 12, 1986. This filing was timely, and appellant was not required to refile after the May 16 amended order.

For purposes of clarity, we wish to point out that the amended order again misstates the date of the entry of non pros, which was, in reality, October 16, 1985. We assume the error to be merely typographical, as the amended order gives the date as October 6, 1985.

2. Appellee claimed damages in excess of the compulsory arbitration limits, and demanded a jury trial. As such, the action qualified as a major jury case under Philadelphia Local Rule of Court 200(A)(1).

filed preliminary objections, and an amended complaint was filed.[3]  The City of Philadelphia's preliminary objections were granted, but appellant Kots' were denied; Kots then filed an answer.

According to the docket entries, the last action taken connected to this claim, by any party, was in December, 1982.  The case was then silent until July 7, 1985, when a letter was dispatched to appellee's former counsel from the court administrator's office in Philadelphia, stating, in relevant part:

Dear Counselor,

It is contemplated that the above case will be assigned for trial on the individual judge program in the very near future.

Accordingly, it will be necessary for you as counsel for plaintiff, to fill out and return the enclosed information sheet no later than two (2) weeks from this date.

\* \* \* \* \* \*

Very truly yours,
Harry A. Takiff, J.
Court Administrator

However, prior to any "contemplated" assignment to an individual judge, the case was assigned to the major jury list, and, on October 4, 1985, appeared on the list under the "New Listings" heading.  By October 7, the case had moved into the older listings, at number 87.  The case proceeded to move up the list until, on October 16, the case was at number 11, or within the top fifteen, and was called for trial.  On each day the case was listed on the major jury list, the following "Notice to the Bar" appeared on the front page of Philadelphia's *Legal Intelligencer*, the official publication for all notices to the Bar.[4]

3. General Bindery Co. Inc. chose to file an answer to the amended complaint, and has remained, throughout, a party to these proceedings.

4. See Philadelphia Local Rule of Civil Procedure 100(A).

Civil Trial Pool

*To assure maximum effectiveness of the Civil Individual Judge Program, we are supplementing it with a master pool from which cases will be assigned to judges who are available from time to time for assignments when their individual lists permit, as well as judges who will be assigned cases from the master pool list only.*

There will appear daily in The Legal Intelligencer a list of approximately 360 cases consisting of 105 major jury, 105 general jury, 75 major nonjury and 75 general nonjury cases, selected in chronological order based on first filing date. Based on the procedure described above, it is anticipated that these lists will move actively.

*The call of the list will be held in Courtroom 907, Five Penn Center, promptly at 9 a.m. Counsel in the first 15 cases on each list must appear to answer. The rules governing continuances will be strictly enforced.*

> Edward J. Bradley
> President Judge
> Judge Harry A. Takiff
> Court Administrator

(Emphasis supplied). Despite this notice, appellee's former counsel was not present at the October 16 call of the list. Appellant's counsel, who was present, motioned that a judgment of non pros be entered. The Honorable Harry A. Takiff, who was presiding at the call of the list, granted the motion.

Ninety-seven (97) days later, on January 21, 1986, appellee, represented at that time by present counsel, filed a petition to vacate the entry of non pros. The petition, which included an affidavit from former counsel, averred that: (1) former counsel, upon receipt of the July 7 letter from the court administrator's office, had begun to monitor the individual judge calendars, as printed in the *Legal Intelligencer,* exclusively, and never saw the major jury listing; (2) former counsel, who was in the process of an employment and address change, did not receive notice of

the entry of non pros until December 11, 1985; and (3) present counsel had just been transferred the case as of January 21, 1986, and was entering his appearance and filing the petition to vacate in as prompt a fashion as could be expected under the circumstances. Both General Bindery Co., Inc. and appellant Kots opposed the petition as unreasonable. The petition was granted on March 10, and appellant only filed this timely appeal.

■■■■ A petition to open a judgment of non pros is addressed to the court's equitable power, and the exercise of those powers will not be disturbed absent an abuse of discretion. *Hutchinson v. Hutchinson*, 492 Pa. 118, 123, 422 A.2d 501, 503–04 (1980). However, before a court may open a judgment, the party seeking vacation must demonstrate that: (1) the petition to open was timely filed; (2) the default which occasioned the entry of judgment can be reasonably explained; and (3) the facts constituting grounds for a cause of action are alleged. *Horan v. R.S. Cook and Associates, Inc.*, 287 Pa.Super. 265, 268, 430 A.2d 278, 279 (1981); *Corcoran v. Fiorentino*, 277 Pa.Super. 256, 260, 419 A.2d 759, 761 (1980); *Dupree v. Lee*, 241 Pa.Super. 259, 262, 361 A.2d 331, 333 (1976). In his attack upon the vacation of non pros, appellant alleges that appellee failed to satisfy any of the above criteria. With respect to criteria (1) and (2), the history of this case supports appellant's allegations.[5]

■■■ With regard to the initial criterion, which specifies that a petition to vacate must be promptly filed, the trial court found that appellee's former counsel had been in the midst of an office relocation, and, as such, appellee had reasonably explained the delay in the filing of the petition now at issue.[6] However, a review of the relevant factual background simply does not support the trial court's finding of a reasonable delay. While it is undisputed that former

5. Because of our resolution of the issues raised by the first two criteria for vacation, we needn't address the third, concerning the sufficiency of the facts alleging the grounds for the cause of action.

6. R.R., p. 4.

counsel was in the process of an office relocation at some point in time *prior* to December 11, 1985, it is also admitted that counsel received notice of the entry of non pros on December 11.[7] No further action was taken until the January 21, 1986 filing of a petition to vacate. There is simply no support in the record that the relocation in any way precluded former counsel from filing the petition to vacate *well* in advance of the January 21, 1986 filing by present counsel.[8] Accordingly, we are confronted, by this appeal, with an unexplained delay of forty-one (41) days. While a delay of this length is not, in and of itself, so terribly long as to defy any attempt at explanation, it has not been explained at all, and, as such, cannot be deemed reasonable. See *Hatgimisios v. Dave's N.E. Mint, Inc.*, 251 Pa.Super. 275, 276–277, 380 A.2d 485, 486 (1977) (unexplained delay of thirty-seven days "too long"); also see *Schutte v. Valley Bargain Center, Inc.*, 248 Pa.Super. 532, 538, 375 A.2d 368, 371 (1977) (unexplained forty-seven day delay in petitioning to open default judgment "unreasonable"). We hold, therefore, that the trial court abused its discretion in finding that the present petition was promptly filed.

■ Furthermore, were we to defer to the trial court's finding that the petition was prompt, we would, nonetheless, be confronted with the second criterion for vacation: the giving of a reasonable explanation or excuse for the incident that occasioned the default. We feel that appellee has failed to demonstrate any reasonable excuse for the absence of counsel from the call of the list, and hold that the second requirement for vacation has also not been met.

7. Brief for appellee, p. 2.

8. As former counsel was already receiving her forwarded mail as of December 11, 1985, we can only conclude that counsel's relocation was sufficiently complete to permit counsel resumption of her affairs. This conclusion has not been disputed by appellee either below or on appeal to this Court. Rather, appellee has been totally silent with respect to the conduct of former counsel's affairs between December 11, 1985 and January 21, 1986.

The trial court found that the absence of former counsel was occasioned, primarily, from some "confusion" created by the language of the July 7, 1985 letter from the court administrator, and that the absence, hence, was "reasonable". We disagree.

The *Legal Intelligencer* is the official periodical for publication of all notices to the Philadelphia Bar. Philadelphia Local Rule of Civil Procedure 100(A); *Triangle Pacific Philadelphia Corp. v. Trident Enterprises, Inc.*, 495 Pa. 427, 429, 434 A.2d 1165, 1166 (1981). It is incumbent upon a Philadelphia practitioner to be familiar with the *Intelligencer* and its contents, particularly those sections which govern the practice of litigation in the Philadelphia courts. The letter received from the court administrator's office by former counsel merely indicated that an assignment to an individual judge was being "contemplated." Though potentially confusing, it did not excuse counsel from her duty to be knowledgeable concerning other portions of the *Intelligencer*, which clearly stated, in its "Notice to the Bar", that individual judge assignments were only being made *on occasion* from the master lists. As such, former counsel was not excused from her duty to monitor the master lists; it was her duty, as a diligent practitioner, to monitor the master major jury list and the individual judge calendars.

Her duty to have so performed is further buttressed by Philadelphia Local Rule of Court 200, which governs the assignment of cases for trial:

(A) Civil Case Categories.

*Until such time as Civil Cases are assigned to an Individual Judges upon the commencement of an action, they shall be placed on one of the following lists as appropriate:*

(1) *Major Jury List—consisting of all cases not in Arbitration in which a jury trial has been demanded.*

(2) General Jury List—consisting of all cases in which a jury trial demand has been properly filed and a jury listing fee paid: (a) on appeal from Arbitration determinations to the Common Pleas Court; or (b)

which may not be submitted to Arbitration because of substantive or procedural legal principles.

(3) Equity/Non-Jury List—consisting of all equity cases and all cases in which a jury trial has been waived.

(4) Asbestos Cases after appeal from Non-Jury verdicts.

All cases shall be placed on such lists in chronological order according to the term and number of the case.

(B) Assignment of Cases.

(1) The Civil Cases on the Lists shall be assigned to individual judges for all pre-trial and post-trial purposes on a random basis until such time as all of the cases are assigned. Such assignments shall be made to participating Judges four times yearly. Each assignment shall consist of one hundred cases, in chronological order, taken from the trial lists set forth in Section A of this Rule.

(2) *Upon exhaustion of the Civil Cases on the Lists, all Civil Cases shall be assigned on a random basis to an individual judge for all pre-trial, trial and post-trial purposes upon institution of suit.*

(Emphasis supplied).

Clearly, Local Rule 200 outlines in no uncertain terms that cases are to be placed on the appropriate master lists prior to any assignment to an individual judge's calendar and that only "upon exhaustion" of the master lists are the individual judge assignments made. As such, the rule imposes upon a Philadelphia practitioner a need for watchfulness with respect to the civil trial listings in the *Intelligencer*, as opposed to the type of limited scrutiny which was applied by appellee's former counsel.

In light of the foregoing, it is inconceivable to this Court that former counsel's excuse for non-appearance, i.e. the letter, can be deemed reasonable. A litigator is under an obligation to keep abreast of publications to the bar, such as the *Intelligencer*, as well as local rules of court. While we may be somewhat sympathetic to the difficulties

former counsel may have encountered in relocating her practice and resuming work, these considerations simply do not permit us to find that a reasonable excuse for the mistake has been given. A counsel's preoccupation with dissolving his law firm and establishing his own practice has never constituted a reasonable excuse for default, see *Horan*, supra, 287 Pa.Super. p. 279, 430 A.2d 278, nor have the "burdens of litigation" excused counsel from proceeding diligently, see *King v. Fayette Aviation*, 226 Pa.Super. 588, 590, 323 A.2d 286, 287 (1974). To permit former counsel to advance such neglect of her duties as "reasonable excuses" would merely interfere in the "orderly administration of justice", *Dupree*, supra, 241 Pa.Superior Ct. p. 266, 361 A.2d p. 335, as viewed by the appellate courts of this Commonwealth.

Accordingly, the Order is vacated. Judgment of non pros is reinstated.

MONTEMURO, J., files a dissenting statement.

MONTEMURO, Judge, dissenting:

I dissent. Finding no abuse of discretion, I would affirm on the Opinion of the Honorable Harry J. Takiff.