541 A.2d 365

**Quadralane NIVENS, on Behalf of John NIVENS, a Minor**

v.

**CHESTNUT HILL HOSPITAL, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 2, 1987.

Filed April 8, 1988.

---

378

Allan Molotsky, Philadelphia, for appellant.

Donald E. Matusow, Philadelphia, for appellee.

Before CIRILLO, President Judge, and BROSKY and BECK, JJ.

BROSKY, Judge:

This is an appeal from the order of June 5, 1987, entered on June 10, 1987, which vacated a judgment of non pros which had previously been entered in appellant's favor on April 2, 1987. Appellant now contends that the vacation of non pros was error. We do not support this view. For reasons stated *infra*, we affirm.

The matter arises from a medical malpractice suit which was filed by appellee, Quadralane Nivens, on behalf of her minor son, John Nivens, against appellant, Chestnut Hill Hospital, in May of 1983. After four (4) years of pre-trial

discovery, the case made its first appearance on the major jury trial list in the March 17, 1987 edition of Philadelphia's *Legal Intelligencer.* The case moved into the top ten (10) on March 27, 1987, and was called for trial. Neither counsel for appellant, nor counsel for appellee, was present at the call of the list, and, in accordance with Pa.R.C.P. 218, a judgment of non pros was entered against appellee Nivens and in favor of the appellant-hospital on the court's own motion. Appellee's counsel received notice of the entry of non pros on April 1, 1987, and promptly filed, on April 8, a motion to vacate the judgment of non pros. Appellant responded, and, on June 5, 1987, the trial court vacated non pros, and directed that the case be relisted for trial. This timely appeal followed.

■ A petition to open a judgment of non pros is addressed to the court's equitable power, and the exercise of those powers will not be disturbed absent an abuse of discretion. *Hutchison v. Hutchison,* 492 Pa. 118, 123, 422 A.2d 501, 503–04 (1980). However, before a court may open a judgment, the party seeking vacation must demonstrate that: (1) the petition to open was timely filed; (2) the default which occasioned the entry of judgment can be reasonably explained; and (3) the facts constituting grounds for a cause of action are alleged. *Toczylowski v. General Bindery Co.,* 359 Pa.Super. 572, 577, 519 A.2d 500, 503 (1986); *Horan v. R.S. Cook and Associates, Inc.,* 287 Pa.Super. 265, 268, 430 A.2d 278, 279 (1981); *Corcoran v. Fiorentino,* 277 Pa.Super. 256, 260, 419 A.2d 759, 761 (1980); *Dupree v. Lee,* 241 Pa.Super. 259, 262, 361 A.2d 331, 333 (1976).

With regard to the initial criterion, the timeliness with which vacation is attempted, there is no dispute between the parties that the motion to vacate was filed expeditiously. It is the second and third criteria that appellant maintains were not satisfied.

With respect to the second criterion, the trial court found a reasonable excuse for the failure of appellee's counsel to appear at the call of the list, and based its finding upon the

following "Notice to the Bar", which has appeared in some form or other in the *Legal Intelligencer* since January 2, 1987: [1]

... [I]f counsel has failed to communicate with opposing counsel ... when the case first appeared on the list, and only one counsel appears at the call of the list;

(a) if the counsel ready to proceed to trial represents the plaintiff, the case will not proceed to trial;

(b) if the counsel ready to proceed represents the defendant, plaintiff's case will not be dismissed.

*Conversely, if the party appearing has given notice to the opposing party, the case will proceed in the absence of the opposing party.* (If you believe that the opposing party will deny receiving such notice, a certified letter or receipt of notice may be advisable.)" (Emphasis supplied.)

The trial court focused upon the failure of appellant's counsel to contact his opposition, as required by the above notice, to confirm the case's status, and, citing our Court's decision in *Toczylowski,* supra, made the following observations:

... the Court recognizes defendant's contention that plaintiff has an obligation to learn how and when cases are assigned to trial. It is incumbent upon a Philadelphia practitioner to be familiar with The Legal Intelligencer and its contents, particularly those sections which govern the practice of litigation in the Philadelphia Courts. *Toczylowski v. General Bindery Company, et al.,* 359 Pa. Super. 572, 519 A.2d 500 (1986)....

1. On December 29, 1986, the decision in *Toczylowski v. General Bindery Co.,* 359 Pa.Super. 572, 519 A.2d 500 (1986), was handed down by a panel of this Court. The case focused upon the criteria for vacation of non pros, and, with respect to the second criterion of "reasonable excuse", held that the failure of trial counsel to monitor the daily trial lists published in the *Intelligencer,* did not constitute a "reasonable excuse" for counsel's failure to appear at the call of the list. In an apparent response to *Toczylowski,* the above "Notice to the Bar" now precludes an attorney from taking advantage of his opponent's absence from the call of the list, in the absence of proof that opposing counsel was notified by the appearing attorney whenever the case first appeared on the *Intelligencer's* trial list.

On the other hand, this Court's policy of confirming a case's status "represents a proper, dignified and courteous procedure consistent with the standards which are appropriate for the legal profession," *Cleary v. Paul,* 15 Phila. 546, to which the majority of attorneys adhere. *Id.* at 545. Some attorneys view a failure to appear in court as an opportunity to benefit from a judgment of non pros. *This Court believes that the failure to communicate with opposing counsel to confirm the status of the case represents a derelict act which is no less serious than the failure to adequately monitor the published trial list.* For this reason, the defendant should not benefit from a non pros so entered...." (Emphasis supplied.) The trial court thus concluded that the absence of appellee's counsel from the call was reasonably excused by his failure to receive prior notice from appellant's counsel. Appellant now contends that the trial court's reading of *Toczylowski* is flawed, and is requesting, in essence, a clarification of *Toczylowski* in light of the new Philadelphia notice policy: it is appellant's position that the failure of its counsel to give the required prior notice to opposing counsel should be immaterial, in light of *Toczylowski's* clear dictates that all Philadelphia trial practitioners must monitor the trial lists in the *Intelligencer,* and that the failure of appellee's counsel to appear, hence, was unreasonable per se. We decline, however, to resolve this precise issue, as we find *Toczylowski* factually distinguishable, thereby obviating any need for a reconciliation, at this time, of Philadelphia's new policy with that decision.

In *Toczylowski,* counsel for appellee had not appeared at the call of the list, due to her failure to monitor the major jury trial listings in the *Intelligencer.* Appellant's counsel had been present, however, and had requested the entry of non pros. *Toczylowski,* supra, 359 Pa.Superior Ct. at 576–577, 519 A.2d at 502.

In the matter *sub judice,* by contrast, appellant's counsel did not request the non pros, but, rather, due to his own failure to monitor the daily trial list, also missed the

listing of this case, and failed to appear when the case was called for trial. Non pros was entered *upon the court's own motion*, and not as the result of diligent representation by appellant's counsel. Hence, we are confronted with a situation wherein appellant is insisting that *Toczylowski* be strictly enforced against its opponent, while ignoring the negligent non-compliance of its own counsel with that decision's requirements.

A petition to vacate a judgment of non pros is addressed to a trial court's equitable powers; where the trial court has vacated non pros, an appellate court will not reverse unless a manifest abuse of discretion, or clear error of law, in its consideration of the three criteria for vacation, has occurred. See *Geyer v. Steinbronn*, 351 Pa.Super. 536, 506 A.2d 901 (1986); see also *Buxbaum v. Peguero*, 335 Pa.Super. 289, 293, 484 A.2d 137, 139 (1984). Moreover, we may affirm the trial court if its decision was correct on any ground. *Butler v. DeLuca*, 329 Pa.Super. 383, 389, 478 A.2d 840, 843 (1984). We now hold, without relying upon the reason given by the trial court, i.e. the failure of appellant's counsel to follow the new Philadelphia notice policy, that, where a party acts promptly to vacate a non pros which has been entered on the court's own motion, due to the failure of both sides to appear, the trial court may, as an equitable matter, hold that the moving party's failure to strictly conform to the *Toczylowski* requirements for diligent representation, in the face of an innocent oversight, is reasonably excused where the opposing party has displayed a similar lack of due diligence by failing to monitor the list and appear at the same call.[2] Where neither party is prepared to go forward, as here, neither should be permitted to profit from an innocent, albeit negligent, comedy of errors.[3] It has been established law in this Commonwealth

2. This, of course, is conditioned upon the moving party's ability to allege facts constituting a cause of action, and thereby satisfy the third criterion for vacation of non pros.

3. We would also note in passing that the result urged upon us by appellant would contravene the apparent intent behind the new Philadelphia notice policy. Under appellant's proposed application of

that an innocent oversight by counsel may justify the vacation of non pros.[4] See *Buxbaum,* supra, 335 Pa.Superior Ct. at 295, 484 A.2d at 140.

Moving, then, to the third criterion, appellant contends that appellee's motion to vacate failed to provide facts constituting grounds for a cause of action. The trial court opinion contains no discussion of the third criterion. However, our review of appellee's motion indicates that the cause of action is a medical malpractice case, in which it is alleged that minor-plaintiff John Nivens suffered brain damage due to trauma to which he was negligently subjected at birth, at the hands of the defendant-hospital.

Appellant does not assert that such facts, if true, would not provide the basis for a cause of action, but contends that appellee's failure to date to either identify any expert, or detail the theory of any expert, precludes any finding that the third criterion for vacation has been met, as appel-

*Toczylowski,* defense counsel, aware of the presence of a case on the trial list, could neglect to notify opposing counsel, appear at the call of the list, and, upon the non-appearance of plaintiff's counsel, sit silently as the case is called, refusing to admit to his own presence. Under this scenario, the court would enter a non pros on its own motion, and defense counsel would have obtained a non pros in the absence of notice to plaintiff's counsel, in violation of the new policy.

Of course, as we are deciding the matter before us on narrow grounds, i.e. the failure of *both* sides to appear as precluding application of *Toczylowski* against appellee, we are not resolving whether the new Philadelphia policy unduly restricts the ability to obtain a non pros pursuant to Rule 218. We would have been presented with that issue had appellant's counsel *appeared* at the call of the list, and requested the entry of non pros *despite* his failure to notify opposing counsel. However, a prior notice policy has been a requirement of practice in other counties of this Commonwealth. Cf. *Rynkiewicz v. McGrath,* 42 Pa.D & C 396 (Schuylkill Cty.1941) (citing Schuylkill County Local Rule of Court 220.) Clearly, the conditioning of Rule 218 by a prior notice requirement is an issue that must be decided when the appropriate factual scenario presents itself.

4. This statement of law might appear contrary to the holding in *Toczylowski.* However, it must be remembered that, in *Toczylowski,* plaintiff's counsel: (1) did not move promptly for vacation of non pros, and (2) had received a letter indicating that her case was being considered for an individual judge assignment, thereby putting counsel on notice that the case was deemed ready for trial and might imminently appear on the trial list, rendering her claim of "innocent oversight" less than credible.

lee's case would have been non-suited had trial proceeded. While we do not deny that appellant might eventually be awarded a non-suit, we find no case support for the proposition that a moving party cannot satisfy the third criterion for vacation in the absence of proof that he would have been able to successfully oppose a motion for non-suit had trial proceeded; the law would only appear to require allegations of fact that facially state a cause of action. We find appellant's allegations to be sufficient on their face to support the vacation of non pros.

Order affirmed.