581 A.2d 193

**VALLEY PEAT & HUMUS, Appellant,**

v.

**SUNNYLANDS, INC., Appellee.**

Superior Court of Pennsylvania.

Argued May 8, 1990.

Filed Oct. 5, 1990.

402

Bradley K. Moss, Philadelphia, for appellant.

Paul Logan, King of Prussia, for appellee.

Before CAVANAUGH, ROWLEY, McEWEN, OLSZEWSKI, DEL SOLE, MONTEMURO, JOHNSON, HUDOCK and FORD ELLIOTT, JJ.

MONTEMURO, Judge:

Underlying the present appeal is a breach of contract action commenced by the appellant, Valley Peat & Humus, in November of 1984. Following the filing of the complaint, discovery ensued between the parties and the record before us contains interrogatories and deposition testimony. On November 3, 1988, appellant's trial counsel, Attorney Rex F. Brien, filed a certificate of readiness requesting that the matter be placed on the trial list. Counsel for the appellee, Sunnylands, Inc., thereafter filed a motion for a continuance due to the unavailability of a material witness. By Order dated December 13, 1988, the trial court granted appellee's motion for a continuance of trial, and scheduled trial for 9:30 a.m. on March 6, 1989. Due to the fact that

Attorney Brien did not appear for trial, the trial court, pursuant to Pa.R.C.P. 218,[1] dismissed appellant's cause of action against appellee with prejudice by Order dated March 7, 1989.

On March 14, 1989, appellant filed a petition for reconsideration of the entry of the *non pros* judgment. Although not entered in the docket, our record contains an Order signed by the trial court on March 16, 1989, which denied appellant's reconsideration petition. Later, on May 9, 1989, the trial court again denied appellant's reconsideration petition and entered an Opinion concerning this matter. On April 4, 1989, the appellant filed a notice of appeal from the March 7, 1989, *non pros* judgment. Although appellant's reconsideration petition was viewed and disposed of by the trial court as, essentially, a petition to open the *non pros* judgment, the present appeal is a direct appeal from the entry of the *non pros* judgment.[2]

■ We first address the question of whether a direct appeal from a *non pros* judgment is proper, or whether a petition to open the *non pros* judgment must be filed and denied by the trial court prior to seeking appellate review. As an intermediate appellate court, our answer to this question must comport with the law as established by our Supreme Court. The Pennsylvania Supreme Court has accepted direct appeals from the entry of judgments of *non pros*, and the Court has disposed of these appeals on the merits. *See James Bros. Lumber v. Union Banking & Trust Co.*, 432 Pa. 129, 247 A.2d 587 (1968); *Manson v.*

1. We note that Pa.R.C.P. 218 specifically provides:
 When a case is called for trial, if without satisfactory excuse a plaintiff is not ready the court may enter a non-suit on motion of the defendant or a non pros on the court's own motion. If without satisfactory excuse a defendant is not ready, the plaintiff may proceed to trial.

2. The dissent views the issue presented in this case as *"not* whether the trial court could properly enter judgment of non pros on March 7, 1989 upon the plaintiff's failure to appear." The present appeal was perfected on April 4, 1989, and was taken directly from the entry of the non pros judgment on March 7, 1989. This, then, is the proceeding and the order which shall be reviewed on appeal.

*First Nat'l Bank,* 366 Pa. 211, 77 A.2d 399 (1951). This Court has also entertained appeals filed directly from the entry of a judgment of *non pros* in the trial court. *See Roseman v. Hospital of the University of Pennsylvania,* 377 Pa.Super. 409, 547 A.2d 751 (1988); *Carroll v. Kimmel,* 362 Pa.Super. 432, 524 A.2d 954 (1987), *appeal denied,* 517 Pa. 613, 538 A.2d 496 (1987). Indeed, in *Erie Human Relations Commission v. Erie Insurance Exchange,* 304 Pa.Super. 172, 450 A.2d 157 (1982), this Court quashed an appeal wherein appellants had failed to file the appeal within thirty day of the entry of the *non pros* judgment but, instead, had waited to file the appeal until the trial court had denied their exceptions.[3]

 In reviewing the entry of a *non pros* judgment, it is well settled law that the decision will not be reversed on appeal absent an abuse of discretion on the part of the trial court. The granting of a *non pros* judgment is founded upon the equitable doctrine of laches. *James Bros. Lumber v. Union Banking & Trust Co., supra* 432 Pa. at 133, 247 A.2d at 590. There are three general considerations which must be entertained by the trial court before a *non pros* judgment may properly be entered: "... a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party, such as the death of or unexplained absence of material witnesses." *Id.,* 432 Pa. at 132, 247 A.2d at 589 (citations omitted).

 According to Supreme Court precedent, however, upon the entry of a judgment of non pros, an appeal need not be immediately pursued. A party may file a petition to open the *non pros* judgment in the trial court and, upon the denial of this petition, file and perfect an appeal. Such appeals have been accepted and reviewed on the merits by

---

**3.** The holding in *Erie Human Relations Commission v. Erie Insurance Exchange,* 304 Pa.Super. 172, 450 A.2d 157 (1982), was later viewed by a panel of this Court as limited to its facts. *See Iole v. Western Auto Supply Company,* 352 Pa.Super. 528, 532 n. 3, 508 A.2d 600, 602 n. 3 (1986).

the Supreme Court and by this Court, even though a petition to open was not filed or disposed of by the trial court within thirty days of the entry of the *non pros* judgment. In *Narducci v. Mason's Discount Store*, 518 Pa. 94, 541 A.2d 323 (1988), a judgment of *non pros* had been entered by the Court of Common Pleas of Erie County, on October 25, 1983. A petition to open the *non pros* judgment was filed March 11, 1985, and granted in July of 1985. The Supreme Court reviewed the merits of the trial court's decision to grant the petition to open and reversed. The Court recognized that, like the entry of the *non pros* judgment, a request to open a *non pros* judgment is based upon the equitable powers of the trial court, and such an exercise of power will not be disturbed on appeal "unless an abuse of discretion is clearly evident." *Id.*, 518 Pa. at 98, 541 A.2d at 325 (citations omitted). In order to open a *non pros* judgment, three factors must be present: (1) the petition to open must be promptly filed; (2) the default or delay must be reasonably explained; and (3) facts must be shown to exist which support a cause of action. *Id.*

We note that the second factor considered by a trial court when entertaining a petition to open a *non pros* judgment is akin to the following standard employed when entering the *non pros* judgment in the first instance: absence of a compelling reason for the delay. Further, when entering a *non pros* judgment or when granting a petition to open a *non pros* judgment, the trial court is bound to consider the prejudice to the adverse party. Prejudice to the adverse party is a requisite for the entry of a *non pros* judgment. In considering a petition to open, undue prejudice to the adverse party will prevent the granting of the petition to open:

> Seeing that the request to open a judgment of non pros is directed to the conscience of the court, the court is *required* to balance the equities and to deny the petition even where the elements coalesce if the granting of relief would cause undue hardship or prejudice to the opponents.

*Id.,* 518 Pa. at 98, 541 A.2d at 325 (citations omitted) (emphasis in original).

In summary, we find the present appeal properly perfected. We recognize that the equitable considerations employed when considering the entry of a judgment of *non pros* as compared to a petition to open a *non pros* judgment are substantially the same. Although we are of the opinion that the better course for counsel to follow would be to file a petition to open, because it gives the trial court the first opportunity to open its judgment and at the same time provides a more complete record for appeal purposes, we recognize that counsel has a choice. If there is to be a change in this area of the law, this change must come from our Supreme Court.

We note the dissent's view that the general three prong test requiring: (1) a want of due diligence; (2) no compelling reason for the delay, and (3) some prejudice, has no application to *non pros* judgments entered under Rule 218. Although the position has superficial appeal, we do not agree. It is most important to remember that underlying the entry of a judgment of *non pros*, whether pursuant to Rule 218 or otherwise, is equity. The entry of a *non pros* judgment depends upon a proper balancing of equitable considerations in the discretion of the trial court. Although, like the dissent, we favor a procedure wherein a petition to open a *non pros* judgment would be filed and ruled upon by the trial court prior to the filing of an appeal, this does not assist us in reviewing the case sub judice. We must review the exercise of the trial court's discretion on March 7, 1989. We must assure that the trial court did not abuse its discretion in balancing all of the surrounding facts and circumstances present at the time of the entry of the March 7, 1989, *non pros* judgment. The three part test is completely consistent with the language of Rule 218. The trial court must determine, as a factual matter, whether there is a want of due diligence or, in other words, whether the plaintiff is "not ready" for trial. Additionally, the court must determine whether there is a compelling reason or a

"satisfactory excuse" for the delay. Finally, although Rule 218 makes no mention of prejudice to the party who has appeared for trial, prejudice has traditionally been a consideration in all *non pros* cases. In each type of case, and in each unique factual situation, the general considerations as espoused in the three part test for the entry of a *non pros* judgment will be given precise definition. While the element of prejudice may be less important in Rule 218 cases, where it has been determined that a plaintiff is not ready for trial without satisfactory excuse, we believe that prejudice must still be considered by the trial court prior to determining, as an equitable matter, that the entry of a *non pros* judgment is appropriate. To ignore this factor in balancing the equities in a *non pros* case, simply because the language of Rule 218 fails to mention prejudice explicitly, would amount to an abuse of the trial court's discretion.

Turning to the facts of the present case, we find that the trial court abused its discretion in entering the judgment of *non pros*. A review of the record establishes that counsel had a compelling reason for his failure to arrive on March 6, 1989, and for his late arrival on March 7, 1989.[4] Moreover, there is nothing in the record to show undue prejudice to the appellee, Sunnylands, Inc., except for the general reference that "witnesses may not be available at a continued trial." Brief for Appellee at 7.

There is no dispute that on March 6, 1989, the date set for trial of the instant matter, there was a snowstorm. Indeed, the trial court notes that jury selection on that day was delayed for two hours because of the snow. *See* Op. of Trial Court, May 9, 1989, at 1. Further, there is no dispute that appellant's counsel, Attorney Brien, contacted the Pike County Court Administrator's Office several times on March 6, 1989, to inform the court that despite an effort to

---

**4.** The appellant has argued that it was improper for the trial court to conduct its own investigation of this matter by acquiring affidavits from various court employees. We will not specifically consider whether the trial court's conduct in this regard was improper, because the averments in these affidavits have no effect on the disposition of this appeal.

travel on the roads, counsel was unable to make the trip from Philadelphia to Pike County. Attorney Brien requested a continuance, and this request was refused by the trial court. *Id.* at 2. On the following morning, Attorney Brien called the trial court and inquired as to whether he was to be in court on that day for jury selection. Learning that he was expected, Attorney Brien began the trip to Pike County. The trial court moved jury selection for appellant's case to the end of the list of cases for trial. When Attorney Brien did not arrive by 10:43 a.m., the court on its own motion dismissed the case with prejudice for failure of counsel to appear. When Attorney Brien arrived at approximately noon on March 7, 1989, he was advised that the case had been dismissed.[5]

Given the weather conditions on March 6, 1989, and Attorney Brien's clear notice to the court that he would not be able to reach Pike County on that day, we are convinced that had the court entered a *non pros* judgment on March 6, Attorney Brien would have had a compelling reason for his failure to appear on that day. However, the trial court, according to its Opinion, dismissed appellant's case for another reason. The trial court states in its Opinion that Attorney Brien "failed to comprehend, or chose to ignore" instructions that he was to report for jury selection at 9:30 a.m. on March 7, 1989. Instead, Attorney Brien called the court in the morning of March 7 at approximately 9:15 a.m., verified that he was expected to select a jury that day, and then began his journey to Pike County.

**5.** The facts upon which we base our determination today are facts which the trial court itself accepted in its Opinion of May 8, 1989. Thus, contrary to the view of the dissent that we have "lifted" these facts from somewhere else, we are firmly convinced that it is the *undisputed* facts of record which support our holding in this matter. Specifically, we note the following circumstances which existed at the time the *non pros* judgment was entered: poor weather conditions, disruption of the court's calendar, communications from Attorney Brien to the trial court, Attorney Brien's arrival at noon on March 7, 1989. Significantly, while the signals may have crossed at some point, this is not a case where, having heard only silence from a party, and finding the party absent on the scheduled date and time of trial, the trial court entered a judgment of *non pros* pursuant to Rule 218.

The authority of the trial court to enter a *non pros* judgment under Rule 218 is based upon a plaintiff's failure to "be ready" when a case is called for trial. Implicit in Rule 218 is a failure of plaintiff or his counsel to be diligent in determining when the case is to be called for trial. *See Toczylowski v. General Bindery Co.,* 359 Pa.Super. 572, 519 A.2d 500 (1986) (plaintiff would not be relieved from judgment of *non pros* where plaintiff's counsel had failed to monitor major jury list to learn when the case was scheduled to commence; it was counsel's duty as a diligent practitioner to monitor major trial list and individual judge calendars). *See also Nivens v. Chestnut Hill Hospital,* 373 Pa.Super. 377, 541 A.2d 365 (1988) (vacation of *non pros* proper where both parties displayed a similar lack of due diligence in failing to monitor the trial list so as to appear when the case was called for trial). Although Attorney Brien was admittedly not present at 10:43 a.m., on March 7, 1989, when the trial court called appellant's case, we find that under the particular circumstances of the present case, appellant was "not ready" under Rule 218 in only a technical sense. There is no question that the trial court was aware of Attorney Brien's efforts to travel to the courthouse in Pike County on the previous day, and of Attorney Brien's communication with the trial court that, although he was aware that appellant's case was scheduled to commence on March 6, he was physically unable to reach the courthouse that day. Although Attorney Brien was not present when the court opened on the following day, the trial court was aware he was on his way as the court moved the case to the end of the list for jury selection. Whether Attorney Brien misunderstood or was mistaken concerning his directions to be present at the start of court on March 7, or whether he failed to follow them knowingly and, instead, phoned the court first on March 7 before travelling to Pike County, we do not know. In any event, given the general disruption of the court's calendar due to the snowstorm on March 6, and the admitted conduct of Attorney Brien in notifying the court concerning his whereabouts on March 6 and again on March 7, 1989, we find that the trial court

abused its discretion in determining that the failure of Attorney Brien to be present *earlier than noon* on March 7 was not "satisfactorily excused." *See* Pa.R.C.P. 218. Given the general disruption in the court's calendar, we are convinced that a compelling reason existed for the delay which occurred in this matter, thus precluding the entry of a *non pros* judgment.

In reaching our decision, we are mindful of the following statements of our Supreme Court:

> Dilatory practices by lawyers cannot be countenanced. Nor can lawyers be permitted to disrupt the orderly process of disposition of litigation by the sheer weight of the number of cases which they are engaged to try. But it must always be borne in mind that law suits are more than numbers or punches in computer cards. Individual cases are, of course, of great importance to the litigants involved, and courts must not overreach in their zeal to move cases to such an extent as to allow for no deviations from strict or literal adherence to policies justifiably laid down to improve the condition of the courts.

*Budget Laundry Company v. Munter*, 450 Pa. 13, 21–22, 298 A.2d 55, 58 (1972)

The Order of March 7, 1989, dismissing appellant's case pursuant to Pa.R.C.P. 218, is hereby reversed and vacated. This matter is remanded for further proceedings. Jurisdiction is relinquished.

Opinion by MONTEMURO, J., joined by CAVANAUGH, McEWEN, OLSZEWSKI, DEL SOLE and HUDOCK, JJ.

Dissenting opinion by JOHNSON, J., joined by FORD ELLIOTT, J.

Dissenting statement by ROWLEY, J.

JOHNSON, Judge, dissenting.

This case was reargued before the court en banc to consider whether an appeal is properly taken directly from

the entry of a judgment of non pros on the court's own motion or whether it is properly taken only after a petition to open the judgment of non pros has been filed and denied. A companion case, *Elcomp, Inc. v. Drolet*, 398 Pa.Super. 421, 581 A.2d 203 (1990) (en banc), reargued the same day, raises an identical issue, where the judgment of nonsuit is entered on motion of the defendant. Both cases involve the invocation of **Pa.R.C.P. 218, Party Not Ready When Case Is Called For Trial.** In neither case was a petition to open the judgment filed.

As the majority recognizes, the procedural events in this case did not follow their normal course. After the trial court had granted the non pros, counsel for Valley Peat & Humus (VP & H) mailed Plaintiff's Motion for Reconsideration to the Pike County Prothonotary from counsel's Philadelphia office. Attached to the Motion was an Affidavit executed by counsel. The Motion was denied by the court on March 16, 1989, although the order denying the motion has not been separately docketed. The certified record includes an Answer to the Motion for Reconsideration, filed March 23, 1989. The Answer controverts many of the averments contained in either the Motion or the attached Affidavit. The appeal to this court was taken from the order of March 7, 1989 entering the non pros. The notice of appeal was filed April 4, 1989.

Unlike the majority, I am unable to conclude upon my review of the certified record that "counsel had a compelling reason for his failure to arrive on March 6, 1989 and for his late arrival on March 7, 1989." We can consider only the certified record on appeal when reviewing a case. *Barner v. Barner*, 364 Pa.Super. 1, 527 A.2d 122 (1987). Sunnylands, Inc., through its Answer to the Motion, has expressly denied some of the very "facts" which the majority has lifted from VP & H's Motion and its Brief.

More importantly, the majority seemingly relies upon "facts ... which the trial court itself accepted in its Opinion of May 8, 1989." Majority at page 409, fn. 5. The majority does not specify those places *in the certified record* where

it found and confirmed the facts upon which it now relies. We should not accept a finding which has no competent evidence to support it, but are instead required to make an independent judgment based on the evidence and the testimony. *Commonwealth ex rel. Spriggs v. Carson,* 470 Pa. 290, 295, 368 A.2d 635, 637 (1977); *citing Commonwealth ex rel. Ulmer v. Ulmer,* 231 Pa.Super. 144, 146–48, 331 A.2d 665, 667 (1974).

My review of the record has not confirmed the so-called *"undisputed* facts of record" found by the majority. I take my guidance from our Supreme Court which had no difficulty rejecting a trial judge's certification as to what transpired when that certification differed from what appeared in the official record. *Commonwealth v. Young,* 456 Pa. 102, 317 A.2d 258 (1974). In *Young,* Mr. Justice Roberts instructed us:

> The fundamental tool for appellate review is the official record of what occurred at trial. Only the facts that appear in this record may be considered by a court.... "[I]t is black letter law that an appellate court cannot consider anything which is not a part of the record in the case".... Consistent with our responsibility to view only the record facts, we cannot accept the assertions in the trial court's written opinion that any [jury] instruction was given other than that which appears in the record.

456 Pa. at 114–16, 317 A.2d at 264–65. (citations and footnotes omitted).

The difficult issue, as in all Rule 218 cases, is not whether the trial court could properly enter judgment of non pros on March 7, 1989 upon the plaintiff's failure to appear. On the certified record, the answer to that question must be a clear: Yes. The important issue is whether the trial court abused its discretion by refusing to vacate that judgment, after receipt of a motion and attached affidavit unaccompanied by a request for a hearing on the motion.

I would agree with the majority that this court need not consider the propriety of the trial court's conducting its own investigation. I find it unnecessary to consider that facet

of the case, since VP & H has not satisfied its burden, on the certified record, of reasonably explaining its two-day absence from the Pike County courthouse.

VP & H improperly filed a motion instead of a verified petition as contemplated by Pa.R.C.P. 206. *Cox v. Felice Perri & Sons*, 412 Pa. 415, 195 A.2d 79 (1963). The averments of fact in Sunnyland's Answer would be deemed admitted, under Rule 209, were this matter to be decided on those pleadings as the majority seemingly would do. On the limited averments favorable to VP & H once the proper procedure is applied, I am unable to find an abuse of discretion. I therefore would affirm the trial court order granting the judgment of non pros against plaintiff for its failure to be ready when its case was called for trial.

A judgment of non pros may be entered under varying circumstances. However, in those cases arising under Rule 218 where the appeal is taken immediately from the entry of non pros, the only element controlling the discretion of the trial judge is whether a plaintiff has placed a satisfactory excuse for nonreadiness before the court at the time the case is called for trial. The record in this case contains no such excuse.

While appeal either from a judgment of nonsuit or from a grant or denial of a petition to open is now permitted, the better practice in Rule 218 dismissals is to require the barred plaintiff to petition to remove the non pros or nonsuit and have that petition decided before an appeal is taken. Where this is done, and where the petition practice contemplated by Pa.R.C.P. 205 through 209 is followed, it would necessarily involve the taking of testimony to establish the verity of the facts alleged for the removal of the judgment. *Cox v. Felice Perri & Sons*, 412 Pa. at 417, 195 A.2d at 80. Two positive outcomes will normally occur. First, the trial court which entered the judgment will have an opportunity to review its action based upon the record made. Second, the reviewing court will then have an evidentiary record as well as the trial court's reasoning in

support of its decision to either remove the nonsuit/non pros or deny such removal.

Our endorsement of such a practice in cases involving Rule 218 does not conflict with our limited role as an intermediate appellate court. I am in complete agreement with the majority that if the filing and disposition of a petition to open judgment of non pros prior to taking an appeal is to become mandatory, that change must come from our Supreme Court. This in no way is inconsistent with a desire that the proper standard of review be employed on direct appeals from entry of Rule 218 nonsuit/non pros judgments.

The majority declares that "prejudice has traditionally been a consideration in all non pros cases". Majority page 197. This assertion would be more persuasive if accompanied by either (1) a citation to *any* case involving Rule 218 (or party not ready when case called for trial) where the element of prejudice is mentioned, or (2) an explanation as to why prejudice is *not* mentioned in those cases involving Rule 218, where the appeal is taken from the denial, or grant, of a petition to open. *See Nivens v. Chestnut Hill Hospital, supra,* and *Toczylowski v. General Bindery Co., supra.* We do the practicing bar a disservice when we fail to distinguish between the separate, and distinguishable, three-part tests applied in matters arising under Rule 218, on the one hand, or under other rules, such as Rule 1037, on the other hand.

Rule 218 has recently been amended, effective July 1, 1990, to afford the plaintiff an option on appeals from an award in compulsory arbitration. That amendment is not pertinent here. At the time of the entry of the order here under review, Rule 218, in its entirety, provided:

### RULE 218. Party Not Ready When Case is Called for Trial

When a case is called for trial, if without satisfactory excuse a plaintiff is not ready the court may enter a non-suit on motion of the defendant or a non pros on the

court's own motion. If without satisfactory excuse a defendant is not ready, the plaintiff may proceed to trial.

I must take issue with my learned colleagues regarding the considerations which a trial court must entertain before it can enter a Rule 218 non pros judgment. The majority cites *James Bros. Co. v. Union B. & T. Co. of DuBois*, 432 Pa. 129, 247 A.2d 587 (1968) for the following principle:

> A Court may properly enter a judgment of non pros. when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party, such as the death of or unexplained absence of material witnesses.

Id., 432 Pa. at 132, 247 A.2d at 589 (citations omitted). That is the correct standard when considering a non pros entered following the filing of a petition for a rule to show cause, the granting of that rule, submission of briefs and argument, and the possible entry of a rule absolute. Such was the case in *James Bros. Co.*, *supra*. That case did not involve the unreadiness or nonappearance of a party when a case is called for trial.

Considerations such as "a want of due diligence", "reasonable promptitude" and "prejudice" are all matters which may be alleged and sought to be proven through the filing of a petition for a rule to show cause and the proceedings that necessarily ensue. I do not question the efficacy of the principle when applied in appropriate cases. Rule 218 dismissals do not, however, activate *that* three-part test.

To the contrary, the court is properly concerned with only two factors when confronted with a direct Rule 218 challenge: (1) is the plaintiff "not ready" (that is to say, does not appear or refuses to go forward) and (2) is the plaintiff "without satisfactory excuse." Where these two elements coalesce, an abuse of discretion in *granting* the nonsuit or in *entering* the non pros will not arise.

The three-pronged test which the majority extracts from *Narducci v. Mason's Discount Store,* 518 Pa. 94, 98, 541 A.2d 323, 325 (1988) is, in my view, inapplicable in Rule 218 cases where, as here, an immediate appeal has been taken. To begin, *Narducci* involved the review of an order vacating a judgment of non pros which had been entered upon plaintiff's failure to file adequate answers to interrogatories. The fact situation in *Narducci* did not involve unreadiness when the case was called for trial but rather an extended history of protracted delay over a number of years. Our Supreme Court stated that in order for a judgment of non pros to be opened, (1) the petition to open must be promptly filed; (2) the default or delay must be reasonably explained; and (3) facts to support a cause of action must be shown to exist.

None of the cases relied on by our Supreme Court in *Narducci,* in citing the above three-pronged test, have any relevance to the situation posed by Rule 218. *Hutchison v. Hutchison,* 492 Pa. 118, 422 A.2d 501 (1980) involved entry of a default judgment for arrearages in support, following a rule to show cause. *Pappas v. Stefan,* 451 Pa. 354, 304 A.2d 143 (1973) involved a default judgment entered following defendant's failure to respond to an endorsed complaint within twenty days. Both *Goldstein v. Graduate Hospital of the University of Pennsylvania,* 441 Pa. 179, 272 A.2d 472 (1971) and *Thorn v. Clearfield Borough,* 420 Pa. 584, 218 A.2d 298 (1966) involved a judgment of non pros entered for failure to file a complaint within twenty days after issuance of a rule.

Two recent cases in our court demonstrate the proper application of a three-pronged test in matters involving the invocation of Rule 218. *Nivens v. Chestnut Hill Hospital,* 373 Pa.Super. 377, 541 A.2d 365 (1988); and *Toczylowski v. General Bindery Co.,* 359 Pa.Super. 572, 519 A.2d 500 (1986). Both cases involved a failure by plaintiff to answer when the trial list was called. In both cases, a judgment of non pros was entered. In both cases, a petition to vacate the judgment of non pros was filed. In both cases, the

petition was granted and the non pros vacated, prompting an appeal to this court in each case.

A three-pronged test was applied by this court in both *Nivens* and *Toczylowski*. the third prong in both of those cases was that a party seeking vacation of a judgment must demonstrate that "(3) the facts constituting grounds for a cause of action are alleged." *Nivens*, 373 Pa.Super. at 379, 541 A.2d at 366; *Toczylowski*, 359 Pa.Super. at 577, 519 A.2d at 503. This is consistent with *Narducci*, supra, 518 Pa. at 98, 541 A.2d at 325, upon which the majority on this appeal sometimes relies. The criterion was utilized to determine whether the trial court abused its discretion in *vacating* or *opening* the judgment of non pros. The rule was *not* applied to test the *original entry* of the non pros. Equally significant, there is no suggestion in either *Nivens* or *Toczylowski* that prejudice plays any role in the analysis. And in *Narducci*, prejudice becomes a factor only after the three factors comprising the tripartite test have been established and the court, in doing equity, must avoid undue hardship or prejudice to the opponents. *Narducci, supra,* 518 Pa. at 98, 541 A.2d at 325.

The majority does not explain whether its standard of review on this appeal employs, as its third prong, the "existing facts to support a cause of action" criteria in *Nivens, Toczylowski* and *Narducci*, or the "delay causing some prejudice" standard in *James Bros. Co., supra,* or both.

Because the content of the order from which the appeal is taken materially affects the outcome of an appeal, this distinction is not superficial. Where the appeal is taken directly from the entry of nonsuit or non pros under Rule 218, the three-pronged test would not be applicable, and a showing of abuse would be extremely difficult. If, however, the appeal is delayed until after the trial court has acted upon a petition to remove the nonsuit, the certified record will normally contain the facts against which the elements of the correct tripartite standard should be applied.

To recap, as an intermediate appellate court, it is not our role to engage in rule making. A direct appeal from the entry of a judgment of non pros or nonsuit under Rule 218 would appear to be entirely proper. There is no express provision governing practice following the entry of a Rule 218 dismissal. I would disagree with my esteemed colleagues in the majority, however, concerning the extent to which our supreme court has countenanced direct appeals from Rule 218 dismissals. None of the cases cited by the majority involve Rule 218 judgments. In both of the recent cases decided by this court where Rule 218 was implicated—*Nivens* and *Toczylowski*—the parties followed the petition practice. This permitted our court to apply the correct three-pronged test to the facts as developed through petition and answer.

I would also commend to the trial bar that in all matters involving the entry of a judgment of nonsuit or non pros under Rule 218, the aggrieved party proceed by petition and answer to seek removal of the nonsuit prior to any appeal. The appeal thereafter would be from the order removing, or refusing to remove, the nonsuit.

I advocate a different procedure from my distinguished colleagues. On this appeal, I do not believe either three-part test plays any role. That is because, as the majority points out, we are reviewing only the order entering non pros on the court's own motion. To review that order, we need only be aware of what was before the trial court at the moment that the order was about to be entered. When I review the certified record, and when I limit my review to only those matters which were filed of record either on or before March 7, 1989, I come up with far fewer "undisputed facts" than does the majority. I find no abuse of discretion from the entry of the order of non pros. I would affirm that order. Therefore, I dissent.

Joined by FORD ELLIOTT, J.

ROWLEY, Judge, dissenting:

This is a direct appeal from the order of March 7, 1989, which dismissed the complaint and, in effect, entered a judgment of non pros. I agree with Judge Johnson that upon reviewing such an appeal and addressing the question of whether the trial court abused its discretion, we are to consider only that evidence which was before the trial court at the time of the entry of judgment of non pros. As a reviewing court, it is inappropriate for us to substitute our judgment for that of the trial court, to find facts, or to exercise our discretion in applying the law to the facts as found. It is the trial court's function to find facts and apply the law to them. In the present case, there is no evidence which was of record on March 7, 1989, which suggests that the dismissal of the complaint was an abuse of discretion.

However, I also agree with the majority that the Supreme Court has authorized appeals to be taken not only directly from a judgment of non pros, but also from an order denying a petition to open a judgment of non pros. Since it is appropriate to seek to have a judgment of non pros opened rather than file a direct appeal from the judgment of non pros, the procedure for seeking to open the judgment should be followed through to conclusion before our Court attempts to review the judgment of non pros where the parties have commenced such a procedure. In other words, once a party commences proceedings for review of a judgment of non pros in the trial court, the pleadings should be closed, an evidentiary hearing should be conducted if there are disputed questions of fact, and the trial court should make findings of fact before the Superior Court reviews the judgment of non pros. This did not happen in the present case.

In the case before us, the parties attempted to follow such a procedure: appellant filed a "Motion for Reconsideration" and appellee filed an Answer in response thereto which controverted many of the averments in the Motion. However, there has not been a hearing at which evidence in

support of the controverted facts can be set forth, and the trial court has not made any findings of fact.

Because of the perceived uncertainty of the procedure to follow after entry of a judgment of non pros, as evidenced by this Court's en banc consideration of the issue, I would not dispose of appellant's direct appeal from the order dismissing the complaint on the merits, but instead would remand for completion of the fact-finding process initiated by appellant's "Motion for Reconsideration."

For these reasons I respectfully dissent.