583 A.2d 492

**WALT MEDICAL, Appellant,**

v.

**ELECTRO–NUCLEONICS, Appellee.**

Superior Court of Pennsylvania.

Argued May 24, 1990.

Filed Dec. 17, 1990.

Ronald J. Lapko (Walt Medical), pro se.

George P. Kachulis, Pittsburgh, for appellee.

Before ROWLEY, KELLY and MONTGOMERY, JJ.

KELLY, Judge:

The sole issue on appeal is whether the trial court abused its discretion in not opening judgment of *non pros* for the appellee. We hold that the trial court abused its discretion, and reverse and remand.

The facts and procedural history can be summarized as follows. Ronald J. Lapko, t/d/b/a Walt Medical (appellant), had an agreement to sell medical equipment for Electro–Nucleonics, Inc. (appellee), in exchange for commission on those sales. There was a dispute regarding the amount of commission due. Walt Medical commenced an action against Electro–Nucleonics, Inc.. A Board of Arbiters of the Court of Common Pleas of Allegheny County entered judgment for Walt Medical for $7,100. On the appellee's motion, a trial *de novo* was requested. The case was scheduled for trial on August 10, 1989, at 9:00 a.m. in Courtroom 617 of the Pittsburgh City County Building. The listing of the date, time and place of trial was published in the Pittsburgh Legal Journal, the official newspaper of the court system of Allegheny County.

In the words of the trial court the following transpired on August 10, 1989:

> Defendant's counsel appeared with two witnesses, all ready to try the case. Defendant, witnesses and counsel were forced to wait for several hours while other matters were heard. When all cases assigned for the morning were settled or heard, Defendant's counsel moved to dismiss Plaintiff's case. The motion was granted after the nomenclature were revised and corrected. Defendant's cross-claim (sic) was heard and the Court found in favor of Defendant and against Plaintiff on the cross (counter)-claim. The findings of the trial court were filed on 10 August 1989.
>
> On 31 August 1989, Plaintiff filed a "Motion for Reconsideration of Dismissal," an exotic label not discoverable in the Rules of Civil Procedure governing *trial* courts. Plaintiff claims he was confused as to the place of trial. The fact is that the author *personally* posted the notices on the courtrooms to which Plaintiff refers and underlined in red ink with a broad felt-tipped pen the exact time and place of the trial.

Trial Court Opinion 1–2.

Upon denial of the appellant's "Motion for Reconsideration of Dismissal," this timely appeal followed.

On appeal, the appellant contends that the trial court's entrance of a judgment of *non pros* on his complaint[1] and the entrance of a judgment in favor of the appellee on their counterclaim was in error. In his one page brief, appellant has pleaded for an opportunity to be heard at the trial level. Acting *pro se*, he has cited no case law, but simply avers that judgment should be opened, because he was not fairly

---

1. The trial court followed Pa.R.C.P. 218, which states:
   When a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter a non-suit on motion of the defendant or a *non pros* on the court's own motion. If without satisfactory excuse a defendant's not ready, the plaintiff may proceed to trial.

   From the trial transcript, it appears that the court itself moved for "dismissal." Thus, we label the judgment as one of *non pros.*

notified that the scheduled trial location had been changed. Appellee asserts that the trial court didn't abuse its discretion because the appellant did not follow proper procedure by objecting or making a motion when he finally arrived in the courtroom. The trial court refused to open judgment against appellant, steadfastly maintaining that appellant was duly notified about the change and that appellant should have been in courtroom 702, or at least in the 7th floor hallway by 9:00 a.m.

In *Valley Peat & Humus v. Sunnylands, Inc.,* 398 Pa.Super. 400, 581 A.2d 193 (1990), we explained our standard of review in a *non pros* appeal and the criteria for opening a *non pros* judgment as follows:

> [A] request to open a *non pros* judgment is based upon the equitable powers of the trial court, and such an exercise of power will not be disturbed on appeal "unless an abuse of discretion is clearly evident." *Narducci v. Mason's Discount Store,* 518 Pa. 94, 98, 541 A.2d 323, 325 (1988) (citations omitted). In order to open a *non pros* judgment, three factors must be present: (1) the petition to open must be promptly filed; (2) the default or delay must be reasonably explained; and (3) facts must be shown to exist which support a cause of action. *Id.* ... Further, when entering a *non pros* judgment or when granting a petition to open a *non pros* judgment, the trial court is bound to consider the prejudice to the adverse party.

*Id.* 398 Pa.Super. at 406, 581 A.2d at 196. We will address the three criteria *seriatim.*

First, the petition to open judgment of *non pros* must be promptly filed. The trial court entered judgment for appellee on August 10, 1989. Appellant filed his "Motion for Reconsideration of Dismissal" [2] on August 31, 1989. The parties do not dispute, and we conclude, that the lapse

---

2. Unlike appellee, we do not find the nomenclature of appellant's motion to be fatally flawed. *See Fortune/Forsythe v. Fortune,* 352 Pa.Super. 547, 508 A.2d 1205 (1986) ("we look beyond the title of Fortune's amended petition and consider its contents in order to characterize it.")

of only three weeks constitutes a prompt filing. *See Narducci v. Mason's Discount Store*, 518 Pa. 94, 541 A.2d 323 (1988) (trial court opened first judgment of *non pros* when petition to open was filed "nearly one month later"). *See also Wayne v. Pennsylvania Nat. Mut. Ins. Co.*, 7 Pa. D & C 3d 104 (1977), aff'd, 254 Pa.Super. 192, 385 A.2d 591 (1978) (court found three and one-half week delay before filing petition to open *non pros* judgment "reasonably prompt.")

■ Secondly, appellant must reasonably explain his delay. Our decision in this case is guided by the recent Superior Court *en banc* decision in *Valley Peat & Humus v. Sunnylands, Inc., supra.* In that case, the trial court dismissed the appellant's case because appellant's counsel did not arrive for trial on the specified time and day. The trial court later denied appellant's petition for reconsideration. However, this Court reversed on appeal, relying on the fact that counsel for appellant didn't arrive on time because he was delayed by a severe snowstorm. This Court reasoned that "a compelling reason existed for the delay which occurred in this matter thus precluding the entry of a *non pros* judgment." *Id.*, 398 Pa.Super. at 411, 581 A.2d at 198.

"Implicit in Rule 218 is a failure of plaintiff or his counsel to be diligent in determining when the case is to be called for trial." *Id.*, 398 Pa.Superior Ct. at 410, 581 A.2d at 198. We specifically held in *Valley Peat* that a *non pros* judgment must be opened when a litigant was diligent in trying to arrive at trial. That decision effectuates the precise words of Rule 218: "... if without satisfactory excuse a plaintiff is not ready...." We will apply Rule 218 as interpreted in *Valley Peat.*

The trial judge reasoned that granting judgment for appellee was proper because he personally· hung a sign outside of courtroom 617. We disagree.

Instantly, the appellant justifiably relied upon the published notice in the Pittsburgh Legal Journal and appeared

in courtroom 617 in compliance with that notice. Upon his arrival at courtroom 617, the appellant was told by a court employee to wait outside and his case would be called. By the time the appellant was informed that both the Pittsburgh Legal Journal and the court employee had made a mistake, his complaint had already been dismissed. Thus, we cannot agree with the trial court that the appellant must bear the harsh penalty of a *non pros* judgment on his complaint when such breakdowns had occurred in court operations. Accordingly, we find that the appellant was diligent in his efforts to reach the proper courtroom and had a satisfactory excuse for not being in courtroom 702 at 9:00 a.m. on August 10, 1989.[3]

The third consideration is whether appellant has alleged sufficient facts to maintain his cause of action. The record clearly establishes that appellant was victorious in the first trial. Appellee has not pointed to any flaw in appellant's complaint, nor do we find any.[4] Appellant has satisfied the third criterion.

Lastly, we must consider whether opening the *non pros* judgment would prejudice appellee. "In considering a petition to open, undue prejudice to the adverse party will prevent the granting of the petition to the other party." *Valley Peat, supra,* 398 Pa.Superior Ct. at 406, 581 A.2d at 196. Appellee does not argue that it would be prejudiced if the judgment were open, nor do we find that it would be. According to the transcript, it appears that appellee is already equipped with all relevant evidence needed to present its case. *Compare Narducci, supra,* (in light of the seventeen month delay, "the granting of relief would

3. In the reproduced record, appellant produced a copy of the notice issued by the trial judge notifying all parties that effective August 14, 1989 all arbitration appeal cases would be heard in courtroom 702. However, there is no indication as to whether this was the actual notice that the trial judge posted on August 10, 1989.

4. In his short form complaint, appellant succinctly alleged that appellee "failed to pay Walt Medical amounts previously agreed to by both parties."

result in such prejudice to appellant's ability to raise a defense that it would be inequitable to expose appellant to such a burden.").

Because the appellant has shown that (1) his motion for reconsideration of dismissal was promptly filed; (2) his default was reasonably explained; and (3) his claim alleges sufficient facts to maintain his cause of action, and because appellee would not be prejudiced, we conclude that the trial court erred in entering judgment against appellant and for appellee.

Based upon the foregoing, we reverse the order entered denying the appellant's petition for opening of the judgment of *non pros* and we vacate the judgment entered in favor of the appellee on the counterclaim. The case is remanded for proceedings consistent with this Opinion.

Jurisdiction is relinquished.

ROWLEY, J., noted his dissent.