664 A.2d 171

Donna RYAN, Executrix of the Estate of R. Bruce Ryan, Deceased, and Donna Ryan, in Her Own Right

v.

GAF CORPORATION, Raymark Industries, Inc., Celotex Corporation, Successor-in-Interest to Philip Carey Manufacturing Company, Philip Carey Corporation, Briggs Manufacturing Company and/or Panacon Corporation, Keene Building Products Corp., Eagle–Picher Industries, Inc., Owens–Corning Fiberglas Corp., Owens–Illinois, Inc., Garlock, Inc., Pittsburgh Corning Corporation, Armstrong World Industries, Inc., Nicolet Industries, Inc., Successor-in-Interest to Keasby & Mattison; Combustion Engineering, Inc., Fibreboard Corporation, Carey–Canada, Inc., Anchor Packing Company, Standard Asbestos Manufacturing and Insulating Company; Flexitallic Gasket Company, General Electric Company Wire and Cable Products Department, and Marmon Group, Inc., Successor-in-Interest to Cerro Wire & Cable Co., Division of Cerro Marmon Co., and the Rockbestos Company, Inc.

v.

CONTINENTAL WIRE & CABLE CO. and Anaconda Power & Cable.

Appeal of OWENS–CORNING FIBERGLAS CORPORATION.

Superior Court of Pennsylvania.

Argued Jan. 12, 1995.

Filed Aug. 17, 1995.

Reargument Denied Oct. 20, 1995.

Patrick R. Riley, Pittsburgh, for appellant.

David P. Chervenick, Pittsburgh, for Donna Ryan, appellee.

Before CAVANAUGH, CIRILLO and SAYLOR, JJ.

CAVANAUGH, Judge.

Owens–Corning Fiberglas Corporation ("OCF") appeals from an order which denied its motion for post-trial relief. For the reasons which follow, we quash the appeal.

The procedural history of this case can be summarized as follows. Following a jury trial, a verdict was returned in favor of plaintiffs and against OCF and Owens–Illinois, Inc.[1] Post-

1. All of the original defendants, except OCF, Owens–Illinois and Keene Building Products Corp., either settled and/or were dismissed from the

verdict motions were filed, but the trial court entered judgment in favor of plaintiffs and against OCF and Owens–Illinois, without first disposing of these motions. Both OCF and Owens–Illinois appealed. On appeal, this Court vacated the trial court's entry of judgment and remanded for consideration of defendants' post-verdict motions. Following remand, the trial court denied defendants' motions, and both OCF and Owens–Illinois appealed. Neither party entered judgment on the jury's verdict.[2] Following oral argument of OCF's appeal, we remanded the case to the lower court and directed OCF to "enter judgment on the appropriate docket of the lower court within thirty (30) days ... and to forthwith return the record to this Court including certification that judgment has been entered." *See Ryan v. GAF Corp.*, 658 A.2d 827 (Pa.Super.1995).

Our remand directive was in accordance with this Court's recent en banc decision in *Johnston the Florist, Inc. v. Tedco Construction Co.*, 441 Pa.Super. 281, 657 A.2d 511 (Pa.Super.1995). In *Johnston,* we held that where our procedural rules require the entry of judgment, such action is a prerequisite to the exercise of judicial review, and that, in the absence of an entry of judgment, there is no authority for this Court to review the merits of an appeal. *Id.* 288, 657 A.2d at 514. We further stated that where the rules require the entry of judgment, and such action has not been taken prior to the filing of an appeal, this Court may take such action as it deems appropriate, including: quashal of the appeal, dismissal of the appeal, or remand of the matter to the lower court so that judgment may be entered. *Id.* 289, 657 A.2d at 515 n. 2; Pa.R.A.P. 902 and comment.

Pursuant to our remand order, the lower court returned the certified record to this Court. Our review of the docket entries reveals that judgment has not been entered as we directed. Neither has OCF filed certification that judgment has been entered. In fact, OCF has failed to file any notifica-

case prior to trial. The jury returned a verdict in favor of Keene Building Products Corp. and against plaintiffs.

**2.** Owens–Illinois is no longer an active litigant in this case, as it subsequently withdrew its appeal.

tion with this Court as to why our directive has been ignored and judgment has not been entered. In view of our inability to address the merits of this appeal in the absence of the entry of judgment, and OCF's failure to enter judgment as directed by this Court, we will quash the appeal. *See Johnston, supra; Bonavitacola v. Cluver,* 422 Pa.Super. 556, 619 A.2d 1363 (1993) (Cavanaugh, J., dissenting) (quashal of the appeal is the appropriate course as "there is no authority which would establish the right of an appellate court to entertain an interlocutory appeal in the face of the *refusal* ... of either party to enter a judgment"). Finally, we note that in our previous remand order, we found that OCF was aware that the entry of judgment was required prior to the filing of an appeal in this case. We, nonetheless, afforded it the opportunity to remedy this omission by remanding the case with instructions to enter judgment. Thus, OCF has failed to enter judgment despite having been aware on two occasions of the requirement, and having had two opportunities to praecipe for the entry of judgment. In these circumstances, quashal of the appeal is the appropriate course of action.

Appeal quashed.