Teri DOYLE and Isaac Harbarger, Administrators of the Estate of Nathan Harbarger, Deceased and Teri Doyle and Isaac Harbarger, In Their Own Right, Appellants,

v.

James TESAURO, Jr. and Evelyn Tesauro, his wife, t/d/b/a Shady Grove Park, Appellees.

Superior Court of Pennsylvania.

Argued Jan. 16, 1997.

Filed April 10, 1997.

Reargument Denied June 20, 1997.

Carl R. Schiffman, Pittsburgh, for appellants.

Douglas S. Sepic, Uniontown, for appellees.

Before FORD ELLIOTT, SCHILLER and BROSKY, JJ.

SCHILLER, Judge.

Appellants, Teri Doyle and Isaac Harbarger appeal from the order entered by the Court of Common Pleas of Fayette County dismissing their cause of action on grounds of failure to prosecute (a/k/a *non pros*).[1] We reverse and reinstate the action.

FACTS:

The basic facts of the case are undisputed. Appellants, acting in their own capacity and on behalf of the estate of Nathan Harbarger, initiated suit against appellees on June 19, 1992. Nathan Harbarger died by drowning in a swimming pool owned by the appellees. Pleadings closed on September 11, 1992, with the filing of appellants' Reply to New Matter. On October 7, 1992, appellee filed answers to appellants' interrogatories and request for production of documents. Subsequently, on May 17, 1993, appellants filed a praecipe to place this case on the pre-trial list. The very next day (i.e. May 18, 1993) appellees filed a notice for deposition for both appellants. On June 3, 1993, appellants filed their pre-trial statement, indicating that they were ready, willing, and able to try this case. Subsequently, appellees filed affidavits of service on June 3, June 4 and July 21, 1993, attesting to the service of requests for production of documents and interrogatories. Thereafter, there was no docket activity for more than two (2) and one-half years. At that time, specifically March 12, 1996, appellees filed a petition for a rule to show cause why judgement of *non pros* should not be entered due to lack of docket activity. The rule was issued and the trial court scheduled a hearing; however, at that hearing no witnesses or evidence was presented by either party.

On April 19, 1996, the trial court granted appellees' petition and dismissed appellants' complaint with prejudice for failure to prosecute (a/k/a a *non pros*). This appeal followed.

DISCUSSION:

Appellant now asserts two issues: whether the filing of a praecipe to place this case on the pre-trial list along with the filing of a pre-trial statement constituted sufficient due diligence to avoid a *non pros;* and whether

1. The trial court's order here was in the nature of a hybrid: entering a judgment of *non pros* and dismissing the cause of action **with prejudice.** Normally, a litigant must first file a petition to open a judgement of *non pros* prior to the filing of an appeal. However, where as here the trial court enters a final order "with prejudice" the party adversely affected must file an appeal.

the failure of appellee (defendant below) to file a pre-trial statement should have precluded the grant of *non pros*. Both issues, however, are subsumed within the single broader issue of whether the trial court's grant of *non pros* was consistent with the standards set out by the Pennsylvania Supreme Court in *James Bros. Lumber Co. v. Union Banking & Trust Company of Du Bois*, 432 Pa. 129, 247 A.2d 587 (1968), as reaffirmed in *Penn Piping v. Insurance Co.*, 529 Pa. 350, 603 A.2d 1006 (1992).

In *James Bros. Lumber Co. v. Union Banking & Trust Company of DuBois*, *supra*, the Supreme Court announced that a judgement of non pros may be entered where: (1) a party to the proceedings has shown a lack of due diligence by failing to proceed with reasonable promptitude; (2) there has been no compelling reason for the delay; and (3) the delay has cause some prejudice to the adverse party. In *Penn Piping*, the Court examined the prejudice element and held that "in cases involving a delay for a period of two years or more, the delay will be presumed prejudicial for purposes of any proceeding to dismiss for lack of activity on the docket." *Penn Piping Inc. v. Insurance Co. of North America*, at 356, 603 A.2d at 1009.

The trial court in this case found that appellants failure to move the case forward constituted lack of due diligence for which there was no compelling reason, and under *Penn Piping* the delay was prejudicial. In support of its decision the court relied on the decision of *Pennridge Electric, Inc., v. Souderton Area Joint School Authority*, 419 Pa.Super. 201, 615 A.2d 95 (1992), wherein this court stated:

> If plaintiff's counsel finds herself faced with delays created by others, she must take action to move the case forward, such as ... moving to compel her opponent to file a certificate of readiness, or requesting a conference with the judge as provided by local rule to have the case put on the trial list.

*Id.* at 209, 615 A.2d at 99.

However, in this case appellants' counsel already had "the case put on the trial list,"

and, for reasons we cannot know, neither the defendants (appellees) nor the court performed their designated functions to have the case tried. Recently, this Court held that "a delay caused by a defendant or properly chargeable to a defendant cannot be a ground for the entry of a judgement of *non pros* against a plaintiff." *Herb v. Snyder*, 454 Pa.Super. 612, ——, 686 A.2d 412, 413 (1996). This is particularly true in this case where the appellants had complied with the rules to get the matter to the threshold of the trial. On this record appellees' attempt to deny appellants their day in court, at best, is disingenuous. Consequently, pursuant to this Court's decision in *Herb v. Snyder, supra*, we are constrained to reverse.[2]

CONCLUSION:

Appellees' failure to file their pre-trial statement caused some or all of the delay on this record, and that delay was not chargeable to the appellants.

Consequently, the order entered by the Court of Common Pleas of Fayette County is reversed, and the judgment of non pros is opened.

ELLIOTT, J., concurs in the result.

---

2. We note that the trial judge here did not have the benefits of this Court's decision in *Herb v. Snyder*, 454 Pa.Super. 612, 686 A.2d 412 (1996), at the time this case was decided.