**Mervin K. STRICKLER, Jr., and Myra Dell Strickler, Appellants,**

v.

**F. Cortez BELL, Jr., and Bell, Silverblatt & Swope, Appellees.**

Superior Court of Pennsylvania.

Argued Jan. 28, 1998.

Filed June 18, 1998.

Reargument Denied Aug. 26, 1998.

438 ■

Roger M. Morgenthal, Carlisle, for appellants.

James R. Clippinger, Harrisburg, for appellees.

Before CAVANAUGH, EAKIN and STEVENS, JJ.

**1.** The trial court's order purportedly enters a judgment of non pros, yet simultaneously dismisses the case with prejudice. Under such circumstances, a direct appeal is appropriate and a petition to open judgment need not be filed.

Normally, a litigant must first file a petition to open a judgement of non pros prior to the filing of an appeal. [Pa.R.C.P. 3051] However, where as here the trial court enters a final order "with prejudice" the party adversely affected **must** file an appeal.

EAKIN, Judge.

Mervin K. and Myra D. Strickler appeal from an order dismissing their legal malpractice complaint with prejudice. We affirm.

The underlying malpractice action derives from appellees' alleged negligent failure to commence a legal action on behalf of appellants within the applicable statute of limitations; appellants hired appellees in the late 1970's to recover proceeds from the sale of timber wrongfully harvested from their land. Part of their claim was dismissed as untimely filed and barred by the running of the statute of limitations. Appellants' remaining claims proceeded to trial and resulted in a verdict against them; we affirmed at *Strickler v. DeSalve, et al.,* 350 Pa.Super. 639, 503 A.2d 460 (1985).

■ Appellants commenced this lawsuit in September, 1988. The docket remained inactive from May 11, 1989, through April 8, 1993, when appellees filed a motion to dismiss the complaint for failure to prosecute; appellants filed a reply motion on June 9, 1993. No further docket activity appeared until April 18, 1997, when "in view of the very dubious strength of [appellants'] case, in view of the unsuccessful litigation in Clearfield County, and for the equally important reason of the significant passage of time," the trial court dismissed appellants' action with prejudice. Trial Court Memorandum, 4/16/97. This timely appeal followed.[1]

Appellants now argue the court erred in dismissing the case because compelling reasons existed for the delay and the parties had been engaged in discovery not reflected on the docket.[2] They also allege the lack of specific findings of fact precludes them from determining the basis of dismissal and pre-

*Doyle v. Tesauro,* 694 A.2d 626, 626 n. 1 (Pa.Super.1997) (emphasis supplied). Thus we decline the invitation to quash this appeal.

**2.** Appellants also present the following issue:
A. Whether as a result of the litigation which preceded this claim for legal malpractice, the Doctrine of Collateral Estoppel avoids a trial on the issue?
As dismissal clearly was premised upon appellants' failure to prosecute their case, not on collateral estoppel, this contention is misplaced and we will not address it further.

senting a meaningful argument on appeal. We find both contentions meritless.

■ Our Supreme Court recently stated the test applicable to motions for non pros in *Jacobs v. Halloran*, 710 A.2d 1098 (Pa. 1998):[3]

> To dismiss a case for inactivity pursuant to a defendant's motion for non pros there must first be a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude. Second, the plaintiff must have no compelling reason for the delay. Finally, the delay must cause actual prejudice to the defendant. [ ] As always, this determination is to be made by the trial court, whose decision will not be disturbed absent an abuse of discretion.

*Id.*, at 1103 (footnote omitted).

This malpractice suit has been pending in the Perry County Court of Common Pleas since 1986; appellants have yet to propel the case out of the discovery stage. Prior to appellees' 1993 motion to dismiss, the docket was completely inactive for nearly four years, i.e., May 11, 1989, through April 8, 1993. Such dilatory conduct is the exemplification of an actionable failure to proceed promptly.

However, appellants blame the delay "in large part upon the difficulty of securing appraisals of timber value (and the difficulty experienced by appraisers in journeying to [appellants'] property and conducting appraisals), which would demonstrate a compelling reason not to find that the case was delayed unreasonably." They further contend "that much of the material sought by Appellees through discovery was in fact material generated or at least received by them in the original [trespass] case." *Id.* Appellants fail to proffer evidence in support of these assertions. In any event, appellants were amply afforded the opportunity to present these contentions to the trial court, which ultimately rejected them as frivolous. Absent a credible reason for the alleged inability to get an appraiser to their land within four years, we decline to quarrel with this characterization of the claim. In averring they could not do so, appellants exemplify the prejudice to the other party who may understandably seek to rebut that evidence—if the landowner can't accomplish this in four years, how many years must pass until the party without possession may do so?

Illustrative of appellants' dogged non-compliance is their failure to comply with the following directive, issued by the accomplished and conciliatory Judge Quigley on August 12, 1996:

> [I]n a legal malpractice case, it is required that the plaintiff provide the opinion of an expert concerning the underlying alleged malpractice. We are not aware of such an expert having been identified and it is asserted to us that by way of discovery, that person's report has not been filed. That being a prerequisite to the continuation of this action, naturally we would look forward to having same produced.

Not a single report has been filed. Accordingly, we find no error in the court's determination that no compelling reason existed for the delay.

We do not need a presumption of prejudice based on docket inactivity here, for the record shows the prejudice suffered by appellees. Over a decade has elapsed since the inception of this suit, yet discovery requests remain unanswered. The case is rooted at a standstill like an oak. As nearly twenty years have elapsed since the original tort action was filed, memories have faded and vanished like leaves in the autumn. Trees have grown in less time than has this case.

We find no reason to disturb the order entered April 18, 1997, dismissing appellants' complaint with prejudice.

Order affirmed.

**3.** In *Jacobs v. Halloran, supra,* our Supreme Court abandoned the *Penn Piping, Inc. v. Insurance Company of North America,* 529 Pa. 350, 603 A.2d 1006 (1992) docket inactivity standard and reverted to the *James Bros. Lumber Co. v. Union Banking & Trust Co.,* 432 Pa. 129, 247 A.2d 587 (1968) actual prejudice test. Since the trial court did not base dismissal on a *presumption* of prejudice from the two-year lack of docket activity, but rather on *actual* prejudice, we find *Jacobs* particularly apropos here.