## Neer v. Niedermeyer

C.P. of Allegheny County, no. GD93-2844.

*Edward Shenderovich,* for plaintiff.
*Jeffrey A. Ramaley,* for defendant.

WETTICK, *J.,* November 18, 1998—The subject of this opinion and order of court is defendant's request for the issuance of a rule to show cause why plaintiff's complaint should not be dismissed for failure to prosecute.

Plaintiff initiated this action by filing a praecipe for a writ of summons in civil action on February 17, 1993. Defendant was served on March 5, 1993. There was no docket activity from March 5, 1993 until plaintiff filed her complaint on March 9, 1998. The complaint alleges that plaintiff sustained injuries in a February 22, 1991 accident when her car was struck in the rear by an automobile operated by defendant.

Defendant's motion to dismiss for failure to prosecute alleges that plaintiff took no action, whether reflected on the docket or otherwise, to prosecute this action between March 5, 1993 and March 9, 1998 and that plaintiff has no compelling reason for the delay in prosecuting this action. As to the prejudice issue, the motion alleges at paragraph eight that a party may be found to have suffered actual prejudice for purposes of a motion for non pros by virtue of the mere passage of time and at paragraph nine that defendant "has indeed suffered actual prejudice as the result of the passage

of over seven years since the incident which is the subject of the plaintiff's complaint and over five years since the filing of the praecipe for writ of summons." [1]

In *Jacobs v. Halloran,* 551 Pa. 906, 710 A.2d 1098 (1998), the Pennsylvania Supreme Court ruled that the two-year presumption of prejudice which it adopted in *Penn Piping Inc. v. Insurance Company of North America,* 529 Pa. 350, 603 A.2d 1006 (1992), must be abandoned. The *Jacobs* opinion stated that:

"The effect of our decision today is to return to the three-part test of *James Brothers* [*Co. v. Union Banking and Trust Co. of DuBois,* 432 Pa. 129, 247 A.2d 587 (1968)]. To dismiss a case for inactivity pursuant to a defendant's motion for non pros there must first be a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude. Second, the plaintiff must have no compelling reason for the delay. Finally, the delay must cause *actual* prejudice to the defendant. As always, this determination is to be made by the trial court, whose decision will not be disturbed absent an abuse of discretion.

"In *James Brothers,* we noted that prejudice could be established by the death or absence of a material witness. The Superior Court has further defined prejudice as 'any substantial diminution of a party's ability to properly present its case at trial.' *Metz Contracting Inc. v. Riverwood Builders Inc.,* 360 Pa. Super. 445, 451, 520 A.2d 891, 894 (1987), citing *American Bank & Trust Company v. Ritter, Todd and Haayen,* 274 Pa. Super. 285, 418 A.2d 408 (1980)." 710 A.2d at 1103. (footnote omitted) (emphasis in original)

---

1. At oral argument, defendant declined this court's invitation to file an amended motion which sets forth more specific allegations as to the actual prejudice that defendant sustained.

The court offered the following rationale for its conclusion that the adoption of a presumption of prejudice in *Penn Piping* was erroneous:

"We recognize that defendants may be prejudiced by undue delays in litigation—memories fade, witnesses disappear and documents become lost or are destroyed. Additionally, pending lawsuits often cause undue stress and anxiety. However, the rules concerning the dismissal of cases for inactivity reflect policy concerns which implicate the interests of both plaintiffs and defendants. It is unnecessary to presume prejudice because the defendant is free to present evidence of actual prejudice. In cases where no activity has occurred for a period of two years, but the defendant has not lost his ability to adequately prepare a defense, it serves no equitable purpose to dismiss the plaintiff's case solely due to the passage of time. There is no logical distinction between the harm caused to a defendant by the plaintiff's delay of two years and the harm caused to a defendant by a delay of two years less one day." *Id.* at 1102.

Defendant's motion sets forth facts which would support a finding of a lack of due diligence on the part of plaintiff in failing to proceed with reasonable promptitude and a finding that plaintiff has no compelling reason for the delay. However, for reasons that I will discuss, the motion fails to set forth any allegations that would support a finding that the delay caused actual prejudice to defendant. Thus, I am denying defendant's motion for the issuance of a rule to show cause because the motion does not state prima facie grounds for relief. See Pa.R.C.P. 206.5(c).[2]

---

2. I am treating the "motion" to dismiss for failure to prosecute as if it were a petition which complies with the requirements of Pa.R.C.P. 206.1 and 206.3. The Common Pleas Court of Allegheny

162

Since defendant's motion does not set forth any specific occurrences that would support a finding that the delay has substantially diminished defendant's ability to properly present its case at trial, the issue which this motion presents is whether a finding of actual prejudice may be based on the passage of time.

In the present case, the accident out of which this lawsuit arises occurred between seven and eight years prior to the filing of the motion to dismiss for failure to prosecute. Defendant contends that as a result of plaintiff's failure to proceed it is more difficult to identify and to locate witnesses (particularly with respect to claims for wage loss, pain and suffering, medical treatment, etc.) and that witnesses' recollections will have diminished.

The case law does not permit a judge to base a finding of actual prejudice on the reasonable likelihood that the passage of time will have diminished a defendant's ability to properly present its case at trial. *Penn Piping Inc. v. Insurance Company of North America, supra,* involved claims for services performed in 1974-1976. An amended complaint was filed in 1981. There was no further activity of record until the defendant filed a motion seeking dismissal for failure to prosecute in 1987. The defendant argued that the six-year failure of the plaintiff to proceed in a lawsuit involving events occurring more than 10 years ago is presumptively prejudicial because witnesses will have dispersed and their

County has not by local rule adopted the procedures of Pa.R.C.P. 206.6 providing for issuance of a rule as a matter of course. See Pa.R.C.P. 206.4(a).

recollections will have faded. As the trial court judge, I entered a judgment of non pros based on the passage of time. The Pennsylvania Superior Court reversed. The Pennsylvania Supreme Court reinstated my order.

The majority opinion of the Pennsylvania Supreme Court responded to the defendant's argument that prejudice can be based on a lengthy delay by creating a presumption of prejudice whenever there is a lack of activity on the docket for two years or more. The dissenting opinion of Justice Zappala, joined in by Justices Larsen and Cappy, rejected the defendant's claim that a finding of prejudice may be based on the passage of time. In his dissenting opinion, Justice Zappala stated:

"INA's petition fails to specifically identify the witnesses to which reference is made or the particular evidence that no longer exists. INA, even now, has not offered such information. Furthermore, INA could have conducted discovery to have preserved the testimony of those now unnamed witnesses. Instead, INA relies on bald claims of prejudice as the result of the delay. Because actual prejudice was not shown on the record, the Superior Court did not err by finding that INA made no showing that its case was prejudiced by *Penn Piping Inc.'s* delay in prosecuting its case." 529 Pa. at 359, 603 A.2d at 1010.

The dissenting opinion relied on *James Brothers Lumber Co. v. Union Banking and Trust Company of DuBois,* 432 Pa. 129, 132-33, 247 A.2d 587, 590 (1968). Justice Zappala's opinion in *Jacobs v. Halloran* is also based on *James Brothers.* Consequently, I conclude that the *James Brothers* opinion, as construed by Justice Zappala

in his dissenting opinion in *Penn Piping* is now the law of Pennsylvania. Thus, I may not base a finding of prejudice on a showing that this lawsuit involves factual disputes concerning events that occurred less than eight years ago.

Defendant contends that the very recent opinion of the Pennsylvania Superior Court rendered in the case of *Strickler v. Bell*, 714 A.2d 437 (Pa. Super. 1998), supports his position that a finding of actual prejudice may be based on the passage of time. The court, according to defendant, found actual prejudice where "nearly 20 years have elapsed since the original tort action was filed, memories have faded and, vanished like leaves in the autumn." *Id.* at 439. *Strickler* is not controlling because the present case does not involve a delay of close to 20 years; instead, the delay in this case is less than the delay in *Penn Piping*. Furthermore, it is unclear from the *Strickler* opinion whether the court based a finding of actual prejudice on the delay alone or whether there were other bases for the finding of actual prejudice since it appears that the failure to file an expert report may have been a basis for the entry of the judgment of non pros.

For these reasons, I enter the following order of court:

## ORDER

On November 18, 1998, it is hereby ordered that defendant's request for the issuance of a rule to show cause why this lawsuit should not be dismissed for failure to prosecute is denied.