**E.O.J., INC., Appellant,**

**v.**

**The TAX CLAIM BUREAU OF SCHUYLKILL COUNTY and Richard J. Withelder; John R. Withelder, Sr.; Alyce W. Harman; and Diane L. Withelder, Successors in Interest to Ross Withelder, a/k/a Jackie Withelder.**

Commonwealth Court of Pennsylvania.

Argued April 13, 1998.

Decided Dec. 1, 1998.

Keith N. Leonard, Philadelphia, for appellant.

Mary Kay Bernosky, Pottsville, for appellees.

Before McGINLEY and FLAHERTY, JJ., and NARICK, Senior Judge.

FLAHERTY, Judge.

This is an appeal by E.O.J. Inc. (EOJ) from an order of the Court of Common Pleas of Schuylkill County (trial court) which denied EOJ's petition for relief from the judgment of non pros. We vacate and remand.

On December 20, 1939, Joseph DeConcini recorded a deed and became the record owner of a tract of land (the property) situated in Frailey and Reilly Townships, Schuylkill County (County). Real estate taxes were not paid in 1939 and 1940. The County tried to sell the property in October 1942 via a treasurer's sale but no one bid on the property. Then the Schuylkill County Commissioners

(Commissioners) purchased the property from the Treasurer of Schuylkill County (Treasurer) for the amount of the back taxes, penalties and interest due. EOJ alleges that the sale was accomplished without the required statutory notice being published and/or given to DeConcini.

In 1947, the state legislature passed the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §§ 5860.101 – 5860.803 (the Act). The Act required the County to form a Tax Claim Bureau (Bureau) and to turn over any property purchased by the Commissioners at a Treasurer's sale to the Bureau. As a result, the Bureau again exposed the property to an upset sale, pursuant to the requirements of the Act. No bids were received and therefore the Bureau retained title to the property as trustee. EOJ asserts that the Bureau should have notified DeConcini of this second sale but failed to do so.

In 1969 and 1971, the Bureau sold portions of the property to the Commissioners and other portions of the property to Jackie Withelder. Notices of the sales were sent to DeConcini who signed the return receipt cards for both sales.

On March 7, 1988, EOJ purchased all right, title and interest that DeConcini had in the property for $5,000. Meanwhile the Bureau scheduled a sale of the property for April 14, 1988. On or about April 1, 1988, EOJ filed in the trial court a petition to set aside the Bureau's claims to the property and a petition to stay the impending sale by the Bureau. This action was docketed at No. S–540–1988 (the 1988 action). On April 8, 1988, the trial court issued a rule upon the Bureau to respond to the petition and stayed any further proceedings pending resolution of the petition. This, in effect, stayed the Bureau's planned April 14th sale. The Bureau filed a response to the rule issued by the trial court. Thereafter, no **docket** activity occurred in this action until April 18, 1996, when the Bureau filed its petition seeking a judgment of non pros in the 1988 action.

On July 14, 1989, EOJ initiated a second action in the trial court at docket No. S–1274–1989 (the 1989 action). This action involved EOJ seeking to quiet title to the property and an action by EOJ in ejectment against the Bureau and the Withelders to recover possession of the property and to recover damages on behalf of EOJ for unlawful retention of the property. Preliminary objections were filed and the trial court sustained them insofar as it dismissed the quiet title portion of the case. Thereafter all defendants answered the remainder of the complaint and EOJ replied to the new matter raised by the defendants in their answers. From January 26, 1990 until May 28, 1993 there was no **docket** activity whatsoever. On May 28, 1993, the Bureau filed a motion for summary judgment which was responded to by EOJ. The trial court denied the summary judgment motion by order of February 24, 1994. From February 24, 1994 until April 18, 1996, the only docket activity was a praecipe filed by EOJ on November 27, 1995 to correct the address of EOJ's attorney. On April 18, 1996, the defendants filed their petition for judgment of non pros in the 1989 action.

In 1995, EOJ filed in the trial court a praecipe for Lis Pendens docketed at No. J–580–1995(2). The Lis Pendens filing involved the same parties and property as were involved in the 1989 action.

On May 29, 1996, the 1988 action and the 1989 action were consolidated *sua sponte* by the trial court which directed that all papers be filed to docket No. S–540–1988 (the docket number for the 1988 action). The trial court granted the defendants' motions for judgments of non pros in the consolidated cases by order of February 17, 1997. On March 13, 1997, EOJ appealed to the Superior Court from the trial court's February 17th order granting judgment of non pros.

On May 8, 1997, EOJ filed a petition for relief from the judgment of non pros (Petition for Relief) along with a request for the issuance of a rule to show cause. These filings by EOJ bore only docket No. A–1274–1989 (the docket number originally assigned to the 1989 action). On May 21, 1997, the trial court issued the rule on the Bureau as of course. This rule bore only docket number S–1274–1989. On June 10, 1997, the Bureau filed a response to the rule with new

matter, questioning the trial court's jurisdiction to adjudicate the Petition for Relief in light of the appeal of the judgment of non pros which EOJ had filed with the Superior Court back on March 13, 1997.

In response to EOJ's Petition for Relief and the Bureau's answer thereto, the trial court entered the following order:

> AND NOW, this 18th day of June, 1997, at 10:55 A.M., noting that the movants [sic] have filed an appeal to our Order of February 18, 1997, and more than 30 days have elapsed, and that the issues raised have been previously addressed, it is hereby ORDERED that the plaintiff's petition for relief from judgment on non pros, filed May, 1997 is DENIED.

It is from this order which EOJ has taken this appeal to this Court.

Also on June 18, 1997, the Superior Court filed an order quashing EOJ's appeal of the trial court's order, dated February 17, 1997, which granted judgment of non pros. The Superior Court indicated that it quashed EOJ's appeal due to EOJ's failure, prior to filing its appeal to the Superior Court to have filed a petition in the trial court as required by Pa. R.C.P. No. 3051(a) (which provides in relevant part that "relief from judgment of non pros shall be sought by petition.").

On July 16, 1997, EOJ filed in the trial court, another petition for relief from the judgment of non pros and another praecipe requesting the issuance of a rule to show cause as to why the petition for relief should not be granted.

On July 17, 1997, EOJ filed a notice of appeal to the Superior Court from the trial court's above quoted order of June 18, 1997. The appeal notice bears the docket number S–1274–1989. The Superior Court transferred this appeal of the trial court's June 18, 1997 order from the Superior Court to this Court.

On August 27, 1997, the trial court ordered EOJ's second petition for relief from judgment of non pros and second praecipe for issuance of a rule to be stricken.

■ Appellate review over an order denying relief from a judgement of non-pros is limited to determining whether the trial court abused its discretion. *County of Erie v. Peerless Heater Co.,* 660 A.2d 238 (Pa. Cmwlth.1995). The appellate court will not reverse the trial court unless the law is overridden or misapplied, or the judgement exercised by the court is manifestly unreasonable or the result of partiality, prejudice, bias or ill will. *Id.*

Initially, EOJ argues that the trial court improperly determined that it lacked jurisdiction to rule upon EOJ's Petition for Relief. We agree.

■ Our beginning point of analysis is Pa. R.C.P. No. 3051(a) which provides that "[r]elief from a judgment of non pros shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition." The 1991 Explanatory Comment to this rule indicates that at one point a person could seek relief from a judgment of non pros in either of two ways: 1) by petition to the trial court or 2) by filing an appeal from the judgment of non pros in an appellate court. However, as the Comment further notes, Pa. R.C.P. No. 3051(a) "eliminates the choice and establishes a uniform procedure when relief is sought from a judgment of non pros. The rule provides that relief from such judgment is to be by petition" to the trial court. As the Superior Court has recognized, filing a petition in the trial court for relief from a judgment of non pros, "gives the trial court the first opportunity to open its judgment and at the same time provides a more complete record for appeal purposes." *Valley Peat & Humus v. Sunnylands, Inc.,* 398 Pa.Super. 400, 581 A.2d 193, 196 (Pa.Super.1990)(en banc).

■ Thus, the Rules of Civil Procedure require that a person seeking relief from a judgment of non pros do so by petition to the trial court. As such, the Rules of Civil Procedure preclude EOJ from filing an appeal from an order of the trial court which entered a judgment of non pros. In effect, the Rules of Civil Procedure have rendered an order of the trial court entering a judgment of non pros a nonappealable interlocutory order. *See Xu v. Montefiore Hospital,* 422 Pa.Super. 114, 618 A.2d 1043 (Pa.Su-

per.1993), *allocatur denied,* 536 Pa. 631, 637 A.2d 291 (1993)(quashing an appeal from the trial court's order entering a judgement of non pros). *See also* the Superior Court's June 18, 1997 order quashing EOJ's appeal from the trial court's entrance of the judgment of non pros in this case. The Superior Court's order reads as follows:

### ORDER

This appeal has been taken from the order entered February 18, 1997, which granted the defendant's motion for judgment of non pros.

Pa.R.C.P. 3051(a) states: "Relief from a judgment of non pros shall be sought by petition." *See Xu v. Montefiore Hospital,* 422 Pa.Super. 114, 618 A.2d 1043 (1993) (direct appeal from judgment of non pros quashed).

This appeal is hereby **QUASHED.**

*E.O.J. v. The Tax Claim Bureau of Schuylkill County,* (No. 1268 Philadelphia 1997, filed June 18, 1997, Pa. Superior Ct.). As an interlocutory order, the grant of a judgment of non pros is not appealable unless there is a specific provision of the Rules of Appellate Procedure which renders it appealable.

Chapter 3 of the Rules of Appellate Procedure deals with interlocutory appeals. Chapter 3 provides for appeals from interlocutory orders in three instances. Pa. R.A.P. 311 deals with Interlocutory Appeals as of right and enumerates an exhaustive list of appeals which may be taken as of right from orders of trial courts or administrative agencies. None of those enumerated instances apply in this case. Nor does this case involve a collateral order as defined in Pa. R.A.P. 313, another instance which permits an appeal as of right from essentially an interlocutory order. Neither is Pa. R.A.P. 312, dealing with interlocutory appeals by permission applicable herein. Thus, as there is no provision which permits a party to take an appeal from an order which grants a judgment of non pros, and as there is an affirmative requirement that a party seeking relief from an order entering a judgment of non pros do so by way of petition to the trial court, we must conclude that EOJ's filing of an appeal from the trial court's entering of a judgment of

non pros constituted the filing of an appeal from an interlocutory order.

The question then becomes what is the effect of EOJ's filing of the notice of appeal on the trial court's jurisdiction over this matter. As noted above, on May 8, 1997, EOJ filed in the trial court, a petition for relief from judgment of non pros. In its response to EOJ's petition, the Bureau argued to the trial court that EOJ's filing of the notice of appeal on March 13, 1997 in the Superior Court from the trial court's February 17, 1997 order entering a judgment of non pros had the effect of divesting the trial court of jurisdiction to further act in this matter. (R.R. at 363). Although the Bureau did not specifically cite to Pa. R.A.P. 1701(a) in its response, nonetheless, it is clear that 1701(a) provides the authority supporting the Bureau's assertion. Pa. R.A.P. 1701(a) provides that "[e]xcept as otherwise prescribed by these rules, after an appeal has been taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter." In its August 27, 1997 opinion in support of its June 18, 1997 order denying EOJ's petition for relief from judgment of non pros, the trial court apparently accepted the Bureau's assertions with respect to the effect of EOJ's filing of an appeal and its divesting the trial court of jurisdiction. In that opinion, the trial court stated that "because at the time of the petition for relief of judgment of non pros [filed by EOJ] the matter remained on appeal before the Superior Court, we denied the May 8, 1997, petition for relief from judgment of non pros because jurisdiction had been removed to the Superior Court." (Trial court's August 27, 1997 slip opinion at 2). We must disagree with the Bureau's argument and the trial court's apparent acceptance of that argument.

■ Pa. R.A.P. 1701(a) provides that [e]x-cept as otherwise prescribed by these rules, after an appeal is taken ... the trial court ... may no longer proceed further in the matter." (emphasis added). We find that the Rules of Appellate Procedure prescribe otherwise in the instant case. In other words, those rules permitted the trial court

to proceed further in this matter and to adjudicate EOJ's petition for relief from judgment of non pros notwithstanding EOJ's filing of its notice of appeal in this case. Pa. R.A.P. 1701(b)(6) provides that

> [a]fter an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:
>
> . . . .
>
> (6) Proceed further in any matter in which a nonappealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal or a petition for review of the order.

As EOJ's March 13, 1997 notice of appeal from the trial court's entering of a judgment of non pros was an appeal from a nonappealable interlocutory order, the trial court was permitted to proceed further in this matter and retained jurisdiction to adjudicate EOJ's May 8, 1997 petition for relief from the judgment of non pros. Because the trial court erred as a matter of law in determining that it did not possess jurisdiction over EOJ's petition for relief from judgment of non pros, we must vacate its June 18, 1997 order denying that petition based upon its asserted lack of jurisdiction and remand this case for the trial court to proceed further in this matter.

### ORDER

NOW, December 1, 1998, the order of the Court of Common Pleas of Schuylkill County, dated June 18, 1997, docketed at No. S–1274–1989, is hereby vacated and this case is remanded for further action in accordance with the accompanying opinion.

Jurisdiction relinquished.

McGINLEY, Judge, dissenting.

I respectfully dissent to the portion of the majority's conclusion that "the trial court erred as a matter of law in determining that it did not possess jurisdiction over EOJ's petition for relief from judgment of non pros. . . ."

Pa. R.C.P. No. 3051 provides:

(a) Relief from a judgment of non pros shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition.

(b) If the relief sought includes the opening of the judgment, the petition shall allege facts showing that

(1) *the petition is timely filed,*

(2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and

(3) there is a meritorious cause of action. (emphasis added).

The 1991 Explanatory Comment to this rule states:

> In addition to providing a uniform method of obtaining relief from a judgment of non pros, subdivision (b) of the new rule also provides for uniformity in the requirements of the petition to open such a judgment. Since the rule adopts the practice of seeking relief from a judgment of non pros in the trial court prior to taking an appeal, the rule also adopts traditional requirements for the opening of judgment as set forth in the *Valley [Peat & Humus v. Sunnylands, Inc.]* case, 398 Pa.Super. at 406, 581 A.2d at 196:
>
> > In order to open a non pros judgment, three factors must be present: (1) *the petition to open must be promptly filed* . . . . (emphasis added).

In the present controversy, the trial court granted the motions for judgments of non pros on February 17, 1997. On May 18, 1997, EOJ petitioned for relief from the judgment of non pros, more than three months after the trial court's February 17, 1997, order. I believe that EOJ failed to promptly file its petition as required by Pa. R.C.P. No. 3051(b)(1). I would affirm the decision of the trial court.