**Melvin MARGOLIS, Appellant,**

v.

**Jonathan KLINGER & Penn National Race Course, Appellees.**

Superior Court of Pennsylvania.

Argued Jan. 30, 2001.

Filed March 19, 2001.

Robert D. Glessner, York, for appellant.

Charles McCammon, Philadelphia, for Penn Nat. Race Course, appellee.

Before POPOVICH, EAKIN and BROSKY, JJ.

BROSKY, J.

¶ 1 This is an appeal from the order of the Court of Common Pleas of Dauphin County, granting Appellees' Motion for Non Pros. We quash the appeal.

¶ 2 The event giving rise to the litigation occurred on October 18, 1992, when a vehicle driven by Jonathan Klinger, then an employee of Penn National Race Course, allegedly struck and injured Appellant, Melvin Margolis, in the parking lot of Penn National. Nearly two years later, on October 13, 1994, Appellant initiated this action by filing a Praecipe for Writ of Summons. Service upon the Appellees was achieved on October 13 and 14, 1994. The next documented activity is the filing of a Complaint sounding in negligence, some 33 months later on June 9, 1997.

¶ 3 Counsel entered an appearance on behalf of Appellees on June 30, 1997, and on August 15, 1997, filed an Answer and New Matter. A Suggestion of Bankruptcy was filed on August 14, 1997, as to Jonathan Klinger, only.[1] Appellant filed a Reply to New Matter on September 9, 1997. After a substitution of counsel for Appellee was filed on January 26, 1998, no further docket activity occurred until January 29, 1999, when Appellant filed a certificate of service of interrogatories.

¶ 4 New counsel entered their appearance for Appellees on February 22, 1999, and on March 12, 1999, a Motion for Non Pros was filed. Appellant's Response, and both parties' Memoranda of Law were filed. The trial court, the Honorable Scott A. Evans presiding, held a hearing on January 4, 2000. Supplemental memoranda were filed by both parties, and on July 7, 2000, Judge Evans granted the Appellee's Motion for Non Pros.[2]

¶ 5 On July 28, 2000, Appellant filed a Notice of Appeal to Judge Evans' order, and herein challenges the propriety of the trial court's granting of the Motion for Non Pros.

¶ 6 Our scrutiny of the certified record on appeal reveals two significant procedural defects in this case, either one of which is sufficient on its own to preclude our jurisdiction, and appellate review.[3]

■ ¶ 7 First, the trial court's order although reflected in the docket, has not been reduced to judgment.[4] Further the trial court order provides no direction that judgment is to be entered. *See* fn. 2, *supra.* Nor has either party filed a praecipe requesting the prothonotary to enter judgment. Pa.R.C.P. 227.4(2); Pa.R.A.P. 301(d). The order granting the Motion for Non Pros is not otherwise a final or appealable order, and therefore, the appeal is not properly before us. Pa.R.A.P. 301;

1. The Suggestion of Bankruptcy indicates that Klinger had filed a Voluntary Petition for Chapter 7 Relief (11 U.S.C. § 101 et. seq.) on September 30, 1996. A discharge of debtor was granted on April 4, 1997. Evidently, Appellant was not listed as a creditor on the original Petition, and a Motion for Reopening of a Closed Case to allow the inclusion of Appellant as a creditor, was filed with the U.S. Bankruptcy Court in July, 1997.

2. The trial court's order appealed from, states in its entirety:

   AND NOW, this 7th day of July, 2000, for the reasons discussed within the attached Memorandum Opinion, IT IS HEREBY ORDERED that Defendant's Motion for Non Pros is granted.

BY THE COURT:
Scott A. Evans, Judge
   Trial Court Order, 7/7/00.

3. The appealability of an order goes to an appellate court's jurisdiction and may be raised *sua sponte. Riley v. Farmers Fire Ins. Co.,* 735 A.2d 124 (Pa.Super.1999).

4. The notation entered in the trial court docket reads verbatim:

   July 7, 2000—For the reasons discussed within the attached Memorandum Opinion, IT IS HEREBY ORDERED that Defendants' Motion for Non Pros is granted. BY THE COURT: /s/ Scott A. Evans, Judge SEE MEMORANDUM OPINION AND ORDER FILED Dist. Kar/Court 7–7–00

Pa.R.A.P. 311; Pa.R.A.P. 341; and Pa. R.A.P. 741(b).[5]

There are three prerequisites set forth in Pa.R.A.P. 301 which must be satisfied before a notice of appeal may be filed from a trial court order: (1) the order must be entered on the docket of the trial court, (2) the order must be set forth on a separate document, and (3) where required, the order must be reduced to judgment. *See Darlington, McKeon, Schuckers and Brown Pennsylvania Appellate Practice,* Section 301:1 (1986).

*In re Annual Audit And Financial Report of Penn Twp., Westmoreland County, Pa., for Year 1984,* 116 Pa.Cmwlth. 381, 543 A.2d 171, 176 (1988). *See also, Enock v. Reifer,* 293 Pa.Super. 141, 437 A.2d 1245 (1981) (holding that since docket disclosed that prothonotary had not entered judgment as directed by court's order and decision had not been reduced to judgment on praecipe of either party, appeal must be quashed).

██ ¶ 8 Secondly, even were we to consider the trial court's order granting of the Motion for Non Pros, the functional equivalent of the court entering a judgment or directing the entry of judgment in favor of Appellee, Appellant has nevertheless failed to seek relief first from the trial court.

Pa.R.C.P. 3051 provides the exclusive procedural method for seeking relief from the entry of a judgment pursuant to a motion for non pros.[6]

¶ 9 We find the analysis set forth in *E.O.J., Inc. v. Tax Claim Bureau of Schuylkill County,* 721 A.2d 79, 81–82 (Pa. Cmwlth.1998), particularly applicable to our disposition.

Our beginning point of analysis is Pa. R.C.P. No. 3051(a) which provides that *"[r]elief from a judgment of non pros shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition."* The 1991 Explanatory Comment to this rule indicates that at one point a person could seek relief from a judgment of non pros in either of two ways: 1) by petition to the trial court or 2) by filing an appeal from the judgment of non pros in an appellate court. However, as the Comment further notes, Pa. R.C.P. No. 3051(a) *"eliminates the choice and establishes a uniform procedure when relief is sought from a judgment of non pros. The rule provides that relief from such judgment is to be by petition"* to the trial court. *As the Superior Court has recognized, filing a petition in the trial court for relief from a*

---

**5.** We emphasize that Pa.R.A.P. 311(a) provides that Interlocutory Appeals as of Right include, "(1) *Affecting Judgments.* An order refusing to open, vacate or strike off a judgment." Thus, Rule 311 contemplates that the appealable event when a judgment is entered is the *order denying relief* from the *judgment*, not the order, in this case, granting a Motion for Non Pros.

Accordingly, by virtue of Rule 311, even if a judgment had been entered in the docket based on the trial court's order, the judgment in and of itself would be, in virtually all cases, considered interlocutory and nonappealable. *See* discussion *infra.*

**6.** Pa.R.C.P. 3051 provides:

Rule 3051. Relief from Judgment of Non Pros

(a) Relief from a judgment of non pros shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition.

(b) If the relief sought includes the opening of the judgment, the petition shall allege facts showing that

(1) the petition is timely filed,

(2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and

(3) there is a meritorious cause of action.

judgment of non pros, "gives the trial court the first opportunity to open its judgment and at the same time provides a more complete record for appeal purposes." *Valley Peat & Humus v. Sunnylands, Inc.*, 398 Pa.Super. 400, 581 A.2d 193, 196 (Pa.Super.1990) (en banc).

*Thus, the Rules of Civil Procedure require that a person seeking relief from a judgment of non pros do so by petition to the trial court.* As such, the Rules of Civil Procedure preclude EOJ from filing an appeal from an order of the trial court which entered a judgment of non pros. *In effect, the Rules of Civil Procedure have rendered an order of the trial court entering a judgment of non pros a nonappealable interlocutory order.* See *Xu v. Montefiore Hospital*, 422 Pa.Super. 114, 618 A.2d 1043 (Pa.Super.1993), *allocatur denied*, 536 Pa. 631, 637 A.2d 291 (1993) (quashing an appeal from the trial court's order entering a judgement of non pros). . . .

* * *

Chapter 3 of the Rules of Appellate Procedure deals with interlocutory appeals. Chapter 3 provides for appeals from interlocutory orders in three instances. Pa. R.A.P. 311 deals with Interlocutory Appeals as of right and enumerates an exhaustive list of appeals which may be taken as of right from orders of trial courts or administrative agencies. None of those enumerated instances apply in this case. Nor does this case involve a collateral order as defined in Pa. R.A.P. 313, another instance which permits an appeal as of right from essentially an interlocutory order. Neither is Pa. R.A.P. 312, dealing with interlocutory appeals by permission applicable herein. *Thus, as there is no provision which permits a party to take an appeal from an order which grants a judgment of non pros, and as there is an affirmative requirement that a party seeking relief from an order entering a judgment of non pros do so by way of petition to the trial court, we must conclude that EOJ's filing of an appeal from the trial court's entering of a judgment of non pros constituted the filing of an appeal from an interlocutory order.*

*E.O.J., Inc. v. Tax Claim Bureau of Schuylkill County*, 721 A.2d 79, 81–82 (Pa. Cmwlth.1998) (emphasis supplied).[7]

¶ 10 Inasmuch as judgment has not been entered on the court's order granting Appellees' Motion for Non Pros, and Appellant has, in any event, failed to first seek

---

**7.** We distinguish the panel decisions in *Hughes v. Fink, Fink and Associates*, 718 A.2d 316 (Pa.Super.1998), *Strickler v. Bell*, 714 A.2d 437, 437, n. 1 (Pa.Super.1998), and *Doyle v. Tesauro*, 694 A.2d 626, 626 n. 1 (Pa.Super.1997) which support the proposition that when the trial court enters a "hybrid order," *i.e.*, entering judgment of non pros and dismissing the action "with prejudice," the order in and of itself is considered final and directly appealable.

In the case at bar, neither the trial court nor the parties have caused a *judgment* to be entered, and the trial court's order does not dismiss the case "with prejudice." Secondly, we find, after our extensive review of Pennsylvania appellate caselaw, that the *Hughes*, *Strickler* and *Doyle* cases are exceptions to the predominant rule espoused in *E.O.J., Inc.*

Finally, in consideration of the stated purpose and the intent of Pa.R.C.P. 3051, (to eliminate the "perceived uncertainty of the procedure to follow after the entry of a judgment of non pros," *Valley Peat & Humus v. Sunnylands, Inc.*, 398 Pa.Super. 400, 581 A.2d 193, 203 (1990); and to provide a uniform procedure for seeking relief from entry of a non pros, *see* Explanatory Comments to Rule 3051, and *E.O.J., Inc., supra.*), we deem it the preferred approach to adhere to the uniform procedure contemplated by the rule.

relief from the trial court pursuant to the mandates of Pa.R.C.P. 3051, the appeal taken is from an interlocutory order, not appealable as of right. Accordingly, we are without jurisdiction to entertain the appeal.

¶ 11 Appeal quashed.

