J-A14004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MICHAEL FRICK, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JIM BUCKWALTER, | |
| Appellee | No. 1525 MDA 2014 |

Appeal from the Order Entered August 12, 2014
In the Court of Common Pleas of Berks County
Civil Division at No(s): 99-11390-001

BEFORE:  BENDER, P.J.E., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JULY 08, 2015**

Michael Frick appeals from the order entered August 12, 2014, which in part directed him to pay attorney fees to Jim Buckwalter (Appellee) in the amount of two thousand five hundred dollars ($2,500.00).  We quash.

Appellant commenced this action by writ of summons in November 1999.  Thereafter, Appellant filed a complaint in May 2000, alleging (1) a violation of the Wage Payment and Collection Law, **see** 43 P.S. §§ 260.1 – 260.12; (2) breach of contract; and (3) fraud and conversion.

In May 2000, Appellee filed a petition to transfer venue, later amended.  The trial court issued a rule upon Appellant, directing him to

_____

[*] Retired Senior Judge assigned to the Superior Court.

respond to Appellee's petition in thirty days, and stayed the proceedings. Appellant never responded.

Apart from some limited discovery that took place in the first two years of this case, no action was taken by Appellant to proceed. In 2004, 2006, 2008, 2010, and 2012, the Berks County Prothonotary issued a notice of termination to Appellant because the docket demonstrated no activity for the previous two years. On each occasion, Appellant timely filed a certification of his intention to proceed, thus avoiding termination.

In February 2014, the prothonotary again issued a notice of termination. On April 28, 2014, having received no response or certification from Appellant, the prothonotary terminated the case pursuant to Pa.R.C.P. 230.2. Nevertheless, the trial court *sua sponte* issued a rule upon the parties to show cause why the case should not be terminated for inactivity in June 2014.

In July 2014, counsel for Appellant responded to the trial court by letter correspondence, suggesting that he could not proceed with discovery because a court order prevented him from so doing. Counsel further advised the court that he did not know Appellant's whereabouts but that Appellee probably did. Appellee filed an answer, pleading that the case should be

terminated. Appellee sought judgment of *non pros* entered in his favor and attorney fees.[1]

Argument was held in August 2014. The parties agreed the case had been terminated on April 28, 2014. ***See*** Transcript, August 11, 2014, at 2-3. The trial court acknowledged Appellee's motion for sanctions but concluded that no testimony was required, whereupon the hearing ended. ***Id.*** at 4. Thereafter, the trial court issued the subject order on August 12, 2014, denying Appellee's request to terminate the case as moot and granting him attorney fees.

On September 5, 2014, Appellant and his counsel filed a motion for reconsideration, requesting that the trial court vacate that portion of the subject order granting Appellee attorney fees. On September 11, 2014, Appellant timely filed a notice of appeal. On September 17, 2014, the trial court granted the motion for reconsideration and vacated the subject order only as to the award of attorney fees. Thereafter, Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement, and the trial court issued a responsive opinion.

---

[1] It is not clear from the record on what procedural ground Appellee sought the imposition of sanctions. ***See, e.g.***, 42 Pa.C.S. § 2503; Pa.R.C.P. 1023.2. Appellee merely stated his request for attorney fees in the "Wherefore" paragraph concluding his answer to the trial court's rule. ***See*** Appellee's Answer, 07/30/2014, at 2 (unnumbered).

Appellant contends that the trial court abused its discretion by awarding Appellee attorney fees. ***See*** Appellant's Brief at 4, 12-20. Broadly, Appellant challenges the procedure employed, suggesting that (1) the trial court acted *sua sponte*; (2) Appellee did not file a separate and independent motion seeking sanctions nor otherwise comply with the requirements of Pa.R.C.P. 1023.2; and (3) Appellee did not seek sanctions under 42 Pa.C.S. § 2503 and, moreover, the trial court failed to conduct the requisite evidentiary hearing. ***Id.*** We do not reach Appellant's arguments.

Initially, we must examine our jurisdiction to entertain this appeal. ***Kulp v. Hrivnak***, 765 A.2d 796, 798 (Pa. Super. 2000) ("[S]ince we lack jurisdiction over an unappealable order[,] it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order.").

Here, the Berks County Prothonotary terminated Appellant's case by administrative order pursuant to Rule 230.2 on April 28, 2014. However, on April 23, 2014, the Pennsylvania Supreme Court had suspended Rule 230.2 by order, effective immediately. ***See*** Pa.R.C.P. 230.2. Thus, the prothonotary acted without authority, five days *after* the rule's suspension, and its administrative order is without effect.

In the Supreme Court order suspending Rule 230.2, the Court clarified that trial courts retain the "ability to proceed pursuant to Pa.R.J.A. No.

1901." *Id.* A three-part test is applicable to any termination pursuant to Rule 1901.

> To dismiss a case for inactivity there must first be a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude. Second, the plaintiff must have no compelling reason for the delay. Finally, the delay must cause actual prejudice to the defendant.

*Shope v. Eagle*, 710 A.2d 1104, 1107-08 (Pa. 1998). Prejudice may not be presumed. *Id.* at 1105 n.1.

Here, the trial court did not apply the test announced in *Shope*. To the contrary, the court merely denied Appellee's request to terminate the case as moot. Moreover, because the parties below agreed that this case was terminated previously by administrative order, the record is not developed sufficiently to enable us to apply the appropriate test. *See Shope* at 1108 (applying the test, based on express findings of the trial court).

As this case has not been terminated properly, and further because we may not terminate the case on this record, we also conclude that the subject order is not appealable. It is well settled:

> Under Pennsylvania law, an appeal may only be taken from an interlocutory order as of right (Pa.R.A.P. 311), from a final order (Pa.R.A.P. 341), from a collateral order (Pa.R.A.P. 313), or from an interlocutory order by permission (Pa.R.A.P. 313, 1311, 42 Pa.C.S.A. § 702(b)).

*Smitley v. Holiday Rambler Corp.*, 707 A.2d 520, 524 (Pa. Super. 1998). Generally, an order imposing sanctions is interlocutory and not appealable.

- 5 -

*See, e.g.*, *Brawley Distrib. Co., Inc. v. Heartland Props.*, 712 A.2d 331, 331 (Pa. Super. 1998) (quashing appeal from an order granting fees based upon frivolous pre-trial filing); *Baranowski v. Am. Multi-Cinema, Inc.*, 688 A.2d 207, 208 n.1 (Pa. Super. 1997) (noting that discovery sanction orders are not appealable until final judgment in the underlying action).

Here, the subject order does nothing more than impose a sanction upon Appellant. It is not a final order nor otherwise appealable as an interlocutory order.[2]

_____

[2] In light of our conclusions, this case should remain active on the trial court's docket. Moreover, we observe that the trial court's order entered September 17, 2014, which sought to vacate that portion of the subject order imposing sanctions, does not run afoul of 42 Pa.C.S. § 5505 (permitting the modification of final orders for thirty days following entry). *See Commonwealth v. Bowden*, 309 A.2d 714, 716-17 (Pa. 1973) (quoting *Markofski v. Yanks*, 146 A. 569, 570 (Pa. 1929)). To the contrary, as the subject order is an interlocutory order, it is subject to Pa.R.A.P. 1701(b)(6), which provides that "[a]fter an appeal has been taken … the trial court … may: … [p]roceed further in any matter in which a non-appealable interlocutory order has been entered[.]" *Id.* Thus, the order entered September 17, 2014, was effective in vacating the sanctions imposed. *See, e.g.*, *E.O.J., Inc. v. Tax Claim Bureau of Schuylkill Cnty.*, 721 A.2d 79, 82-83 (Pa. Cmwlth. 1998).

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/8/2015