J-S61040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TERRANCE WONGUS | : | |
| | : | |
| Appellant | : | No. 2183 EDA 2018 |

Appeal from the PCRA Order Entered June 22, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000177-2012,
CP-51-CR-0011899-2011, CP-51-CR-0014628-2011

BEFORE: BOWES, J., OLSON, J., and STEVENS, P.J.E.*

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 13, 2020**

Terrance Wongus appeals from the order that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We quash this appeal.

Given our disposition, a full recitation of the facts of this case is unnecessary. Suffice it to say that Appellant was convicted of various crimes at three docket numbers, this Court affirmed his judgment of sentence of an aggregate term of twenty to forty years of incarceration, Appellant filed a timely *pro se* PCRA petition at each of the three docket numbers, and an amended petition filed by appointed counsel was dismissed without a hearing by a single order listing all three docket numbers. Thereafter, Appellant electronically filed in each case the same notice of appeal listing all three docket numbers.

---

* Former Justice specially assigned to the Superior Court.

This Court issued a rule to show cause why the appeal should not be quashed pursuant **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (holding that an appeal must be quashed if an appellant fails to file separate notices of appeal at each docket number implicated by an order resolving issues that involve more than one trial court docket). **See also Commonwealth v. Creese**, 216 A.3d 1142, 1144 (Pa.Super. 2019) (concluding that **Walker** mandates that "a notice of appeal may contain only one docket number"). Upon receiving a response from Appellant, in which counsel claimed ignorance of the **Walker** decision and requested leave for remand to comply with its dictates, this Court discharged the rule and referred the issue to this merits panel.[1]

Our review of the record leads us to conclude that this appeal should be quashed, not because of a violation of **Walker**, but due to the absence of a final, appealable order. With one exception not applicable here, "no order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court." Pa.R.A.P. 301(a)(1). An order is properly entered upon the docket by indication thereon of "(a) the date of receipt in the clerk's office of the order or court notice; (b) the date appearing on the order or court notice; and (c) the date of service of the order or court notice." Pa.R.Crim.P. 114(C)(2). The thirty-day time period for appealing from a criminal order

---

[1] The Commonwealth expressly declined to take a position on the **Walker** issue. **See** Commonwealth's brief at 4 n.1.

- 2 -

other than a judgment of sentence begins to run on the day that the order is served on the parties by the clerk of courts. *See* Pa.R.A.P. 108(a)(1), (d).

The PCRA court's June 22, 2018 order in the instant case has not been properly entered on the docket. The entry for the order contains no indication that the order was served as required by Pa.R.Crim.P. 907(4),[2] let alone notation of the date upon which such service was made in accordance with the mandates of Pa.R.Crim.P. 114(C)(2).

Accordingly, we quash this appeal as premature.[3] After the clerk of courts serves the order dismissing Appellant's petition in accordance with

---

[2] The Rule provides:

> When the petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed. The order shall be filed and served as provided in Rule 114.

Pa.R.Crim.P. 907(4). We note that the order at issue in this appeal further fails to comply with Pa.R.Crim.P. 907(4), in that it includes no information about the right to appeal or time limits for doing so.

[3] The Dissent correctly notes that there is precedent that allows this Court to overlook this jurisdictional defect by treating as done what ought to have been done. *See* Dissenting Memorandum at 3 (citing *Commonwealth v. Carter*, 122 A.3d 388, 391 (Pa.Super. 2015)). However, the Dissent cites no authority to suggest that we **mus**t overlook the lower court's failure to follow the mandates of the Rules of Criminal Procedure and proceed with the appeal. This Court has, in other precedential decisions, quashed premature appeals rather than overlook the defects in our jurisdiction. *See*, *e.g.*, *Margolis v. Klinger*, 769 A.2d 545, 548 (Pa.Super. 2001) (quashing appeal from order granting motion for judgment of *non pros* because the prothonotary had not

Pa.R.Crim.P. 907(4) and notes such service on the docket as required by Rules

114(C),[4] Appellant will have thirty days from the date of service to timely file

separate notices of appeal at each docket implicated by the order.

Appeal quashed.

Judge Olson joins the memorandum.

President Judge Emeritus Stevens files a dissenting memorandum.

_____

entered judgment on the docket). **Accord Gavula v. ARA Servs., Inc.**, 756 A.2d 17, 19 (Pa.Super. 2000) (holding that matter was not appealable upon entry of order declaring matter settled where docket did not reflect service of the order; rather it was only when a subsequent order properly docketed "that the matter became appealable"). Thus, there is not, as the dissent suggests, a uniformity of precedent dictating that we overlook jurisdictional defects in the name of judicial economy. **Compare Randt v. Abex Corp.**, 671 A.2d 228, 230 (Pa.Super. 1996) (declining to quash appeal or remand for entry of appealable order, instead regarding as done that which ought to have been done), **with Ryan v. GAF Corp.**, 664 A.2d 171, 172 (Pa.Super. 1995) (quashing appeal when, after remanding for proper entry of an appealable order, the appellant failed to secure entry of judgment).

Further, these principles are typically invoked to excuse an appellant's failure to take steps necessary to allow this Court to address the substance of his claims. **See**, **e.g.**, **Commonwealth v. Hooks**, 921 A.2d 1199, 1202 (Pa.Super. 2007) (holding late filing of Pa.R.A.P. 1925 statement did not result in waiver where docket did not indicate date and manner of service); **In re K.P.**, 872 A.2d 1227, 1230 (Pa.Super. 2005) (excusing untimeliness of appeal where docket did not note service of the order). **See also Commonwealth v. Braykovich**, 664 A.2d 133, 136-38 (Pa.Super. 1995) (holding failure of clerk of courts to advise defendant that his post-sentence motion had been denied by operation of law excused late-filed appeal). Here, ignoring the court breakdown would serve to harm Appellant rather than help him. **See** Dissenting Memorandum at 4-7. Accordingly, we decline to overlook the clerk of courts' Rule 114 violation in this case.

[4] The public docket entry for the PCRA court's November 5, 2018 order directing Appellant to file a statement pursuant to Pa.R.A.P. 1925(b) provides an excellent example of compliance with Rule 114(C)(2).

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/13/20